## Case No. 8,930.

### McVAUGHTER v. CASSILY.

[4 McLean, 351.] [1]

Circuit Court, D. Indiana. May Term, 1848.

REMOVAL OF CAUSES—PETITION—UNCERTAINTY—"CIRCUIT OR DISTRICT COURT."

A petition to remove a case from a state court to the circuit or district court of the United States, which was granted, creates no uncertainty, as the removal can only be to the circuit court.

At law.

Mr. Sullivan, for plaintiff.
Mr. Marshal, for defendant.

OPINION OF THE COURT. This case is brought from the state court, under the act of congress [3 Stat. 234], by the defendant. A motion is now made to dismiss the case, on the ground that the order for the removal was in the alternative, either to the district or circuit court. The petition to remove the cause to the next circuit or district court of the United States in Indiana was granted by the state court. The district court has no jurisdiction in such a case, consequently it is void; the order for the removal was irregular. There is some irregularity in the application, and in the order of the state court, but as there can be no uncertainty or surprise by the other party, the motion is overruled. As the district court has no jurisdiction, the removal could only be to the circuit court.

## Case No. 8,931.

### McVEIGH v. MESSERSMITH.

[5 Cranch, C. C. 316.] [2]

Circuit Court, District of Columbia. Oct. Term, 1837.

SALE — ADVERTISEMENT — SUBSEQUENT EXAMINATION—CAVEAT EMPTOR.

If a lot of bacon be advertised in the Gazette, by the vendor, as "prime," and the vendee examine it, and afterwards agree to purchase it, and it proves to have been unsound, he cannot recover damages upon the warranty, although he should have paid a sound price for it.

Case, on warranty of a lot of bacon.

The plaintiff [William N. McVeigh] offered in evidence a printed advertisement in the Alexandria Gazette, of a lot of "prime bacon," to be sold by the defendant [Samuel Messersmith] and that he paid for it the full price of sound bacon. The defendant offered evidence to prove that the plaintiff came to the warehouse of the defendant, and looked at the bacon as it hung, and, after examining it as much as he thought proper, agreed to take it. It was sent to his warehouse, and about a week afterwards he

gave his note for the amount upon which the defendant recovered judgment at law. The bacon was unsound at the time of sale.

Mr. Semmes, for defendant, prayed the court to instruct the jury, in effect, that if there was no other warranty than that contained in the advertisement, and no fraud, and the plaintiff inspected the bacon before he purchased it, he cannot recover in this action. Calhoun v. Vecchio [Case No. 2,310].

Mr. Taylor, for plaintiff, prayed the court to add to the instruction, the following: "That if they should believe, from the evidence, that the plaintiff did not fully examine the bacon, and did not mean to rely on his examination, but to rely on the warranty in the advertisement, he did not waive the warranty." Starkie, Ev. pt. 4. p. 1660; Bridge v. Wain, 1 Starkie, 504; Yates v. Pym, 6 Taunt. 446.

Mr. Semmes, in reply. A representation of goods is no warranty. Caveat emptor. Seixas v. Woods, 2 N. Y. Term R. [2 Caines] 55; Chandelor v. Lopus (Case of Bezar Stone) Cro. Jac. 4; Jackson v. Wetherill, 7 Serg. & R. 480.

THE COURT (CRANCH, Chief Judge, contra,) gave the instruction asked by Mr. Semmes, and refused that asked by Mr. Taylor.

CRANCH, Chief Judge, was of opinion that it ought to be left to the jury to say what was the extent and object of the plaintiff's examination of the bacon, and whether he meant to rely upon that examination or upon the warranty.

Verdict for defendant.
Motion for new trial overruled.
CRANCH, Chief Judge, contra.