## WILL MACK v. THE STATE.

### No. 8414. Decided June 18, 1924.

**1.—Manslaughter—Bill of Exceptions—Question and Answer Form.**

Where the bill of exceptions was in question and answer form, it cannot be considered on appeal.

**2.—Same—Evidence—Rebuttal—Suspended Sentence.**

There was error in permitting testimony what appellant may have said to a Mrs. Rucker with regard to his intention to kill one Annie Taylor if she did not marry him, or that he killed a man in Mississippi, and the matter was not proper either for impeachment or as affecting suspended sentence.

**3.—Same—Other Witnesses—Bill of Exceptions.**

Where the same testimony had been given by another witness and was before the jury without objection, the matter complained of in the bill of exceptions, need not be considered.

**4.—Same—Charge of Court—Defense of Home.**

Where, upon trial of murder and a conviction of manslaughter, the evidence showed that only a few minutes before the shooting deceased threatened the life of appellant, and had gone away and was returning to appellant's house and over a warning not to come in was proceeding to enter, the court should have submitted a charge as requested that appellant had the right to defend against an unlawful entry into his home. Following: Richardson v. State, 7 Texas Crim. App., 493, and other cases.

Appeal from the District Court of Hood. Tried below before the Honorable J. B. Keith.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Oxford & Johnson,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hood County of manslaughter, and his punishment fixed at two years in the penitentiary.

On May 25, 1923, appellant shot and killed Dolph Smith. The weapon used was a shotgun. The shooting took place at appellant's home, a little house situated north of the railroad in the town of Granbury, Hood county, Texas. From the testimony we gather that short-ly before the shooting there had been a difficulty between appellant and deceased in which the latter had used an axe and appellant an iron bar. Appellant's wife had separated them or interfered and prevented serious injury to either. It is shown that on this occasion deceased cursed appellant and told him that he would kill him if he would go up the railroad. Appellant and his wife testified that after this former difficulty and while appellant was working on a breast-yoke at his house deceased came back and that they got in the house and both appellant and his wife told deceased not to come in there and that he kept coming, whereupon appellant grabbed the gun and shot him. They both testified that when deceased was leav-ing at the time of the former difficulty that he said to appellant that he would kill him if he was the last negro on earth.

Appellant's bill of exceptions No. 1 is in question and answer form and cannot be considered by us. By Bill No. 2 complaint is pre-sented that in rebuttal the State placed on the stand Mrs. Rucker and was permitted over objection to prove by her that some three years before the time of this trial appellant was at her house in Weather-ford and stated to her that he was going to marry Annie Taylor, and that witness said to him, "What if she wont marry you?" and that he said, "If she don't I will kill her;" that he had killed a man in Mississippi. This testimony was objected to on various grounds, among others, that it tended to establish that defendant was a violent and dangerous man by testimony of specific acts and statements. The bill of exceptions states that the court admitted the testimony on the ground that appellant had filed an application for suspended sentence, but the court puts the following qualification upon said bill: "Ad-mitted for impeachment purposes only after proper predicate." We do not think the matter embraced in the testimony could furnish a proper subject for impeachment under any issue in this case. What appellant may have said to Mrs. Rucker with regard to his intention to kill Annie Taylor if she did not marry him, or that he killed a man in Mississippi, would hardly seem pertinent to any issue in the case. We do not perceive how a conversation had between appellant and said witness three years before this homicide in which he told her that he was going to marry Annie Taylor or kill her, or that he had killed a man in Mississippi, even though the question had been asked appellant while a witness on the stand and had been denied by him, could make material the testimony to the fact that appellant had such

conversation with her. There was nothing involved in this difficulty in anywise affected by or related to appellant marrying Annie Taylor. The matter was not proper either for impeachment or as affecting the suspended sentence.

The matter complained of in bill of exceptions No. 3 becomes immaterial in view of the fact that the same testimony had been given by another witness and was before the jury without objection.

We think the court in error in declining to give to the jury the law of appellant's right to defend against an unlawful entry into his home. There seems no controversy over the fact that only a few minutes before the shooting deceased had threatened the life of appellant and had gone away and was returning to appellant's house and, over a warning not to come in, was proceeding to enter. This was following a threat made shortly before to kill appellant and was made as part of a difficulty in which deceased used a deadly weapon. It seems to be the holding of this court that one has the same right to defend against an illegal invasion of habitation or home, which he has to defend himself, and there being no question of the lawful possession and occupancy of the house and home by appellant, and of his forbidding the entry of deceased and his warning him not to come into the house, the court should have given the substance of the special charge asked in regard to appellant's right to defend his habitation. Richardson v. State, 7 Texas Crim. App., 493; Allen v. State, 66 S. W. Rep., 671; McGlothlin v. State, 53 S. W. Rep., 872; French v. State, 55 Texas Crim. App., 538; Wells v. State, 63 Texas Crim. Rep., 618.

For the reasons above stated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*