### SILVER v. STATE. (No. 11108.)

Court of Criminal Appeals of Texas. Oct. 10, 1928.

MORROW, P. J. The appellant's appeal was submitted to this court upon brief and oral argument on the 23d day of November, 1927. On the 11th day of January, 1928, a judgment of affirmance was rendered. On the 8th day of February following a motion for rehearing was submitted to this court and argued by counsel, and on the 28th day of June, 1928, the motion for rehearing was overruled [8 S.W.(2d) 144]. The term of court at which the orders mentioned were made ended on the 30th day of June, 1928. On the 8th day of July, 1928, there was filed with the clerk an application for permission to file a second motion for rehearing.

The power of the court to entertain the second motion for rehearing or to grant the relief therein sought is a question with which this court is now confronted. The article of the Constitution creating this court states:

"The Court of Criminal Appeals shall sit for the transaction of business from the first Monday in October to the last Saturday of June in each year." Article 5, § 5.

In accord with this provision of the Constitution the court adjourned on the 30th day of June, 1928, which was eight days before the filing of the motion which we are now called upon to consider. A new term of court reopened on October 1, 1928. By the proceeding in hand, this court is called upon at this subsequent term to annul a judgment rendered and made final by overruling the motion for rehearing at its previous term. It is a general rule that no court of law has the power at a subsequent term to vacate its judgments rendered at a previous term. This is based upon the principle that there must be some period at which the litigation shall cease. On the subject the Supreme Court of this state gave this expression:

"These doctrines are in entire conformity with the principles established in decided cases of the highest authority. In the case Ex parte Sibbald v. United States, 12 Pet. 492 [9 L. Ed. 1167], it was declared that the Supreme Court had no power to review their own decisions, whether in a case at law or in equity. That no principle was better settled, or of more universal application, than that no court can reverse or annul its own final decrees or judgments for errors of fact or law, after the term in which they have been rendered, unless for clerical mistakes ([Cameron v. McRoberts] 3 Wheat. 591 [4 L. Ed. 467]; [Parsons v. Bedford] 3 Pet. 431 [433, 7 L. Ed. 732]); or to reinstate a cause dismissed by mistake ([The Palmyra] 12 Wheat. 10 [6 L. Ed. 531]); and that no substantial change or modification could be made, affecting the judgment in any material thing. To this rule, as a general one applicable to all courts, bills of review in equity, and writs of error coram nobis at law, were stated to be exceptions. That inferior courts could not vary the decree, or examine it for any other purpose than execution, or give any other or further relief, or review, it upon any matter decided on appeal for error apparent, or intermeddle with it further than to settle so much as has been remanded. That after a mandate, no rehearing has ever been granted in the House of Lords (3 Dow. P. C. 157); and, on a subsequent appeal, nothing is brought up but the proceeding subsequent to the mandate ([Himely v. Rose] 5 Cranch, 316 [3 L. Ed. 111]; [Browder v. McArthur] 7 Wheat. 58, 59

[5 L. Ed. 397]; [The Santa Maria] 10 Wheat. 443 [6 L. Ed. 359]).

"In the case of People ex rel. Attorney General v. Mayor and Aldermen of the City of New York, 25 Wend. 253 [35 Am. Dec. 669], an application was made at the next term after the decision, for a rehearing, and the question of the legal and constitutional rights of the court to open and reverse its judgments was fully considered; and it was held that the court had no legal right, or power, to grant a rehearing upon a writ of error after a final judgment has been pronounced upon the merits of the case, and has been regularly settled and entered of record, in the form required by law." Chambers v. Hodges, 3 Tex. 529.

The principle announced has had the sanction of American and English courts and text-writers. See Freeman on Judgments (5th Ed.) vol. 1, p. 140; Ruling Case Law, vol. 15, p. 671, § 124.

The Court of Criminal Appeals, like other courts of record, has control of its judgments during the term at which they are rendered, but such power as to final judgments ceases with the end of the term except where by statute the court is authorized to grant, at a subsequent term, a motion for rehearing. There is found in the statutes of this state no provision declaring that the Court of Criminal Appeals may, at a subsequent term, set aside a judgment theretofore rendered. There is such a provision applying to the Supreme Courts and the Courts of Civil Appeals. See articles 1762 and 1877, R. S. 1925. In each of these, the parties are permitted to file a motion for rehearing within 15 days after the rendition of the judgment, and if the adjournment takes place within less than 15 days after the judgment is rendered, the motion may nevertheless be filed within the limitation mentioned. By section 25, art. 5, of the state Constitution, the Supreme Court is given the power to establish rules of procedure not inconsistent with the laws of the state for the government of that and other courts. Pursuant thereto, rules have been made by the Supreme Court governing the Courts of Civil Appeals. See 96 Tex. 637 to 640. Touching the motion for rehearing, the Supreme Court has refrained from making any rules governing the Courts of Civil Appeals, doubtless because of the nature of the matter and for the further reason that the subject was covered by the statute embraced in article 1877, supra. Touching the Court of Criminal Appeals, but two rules have been made, one of which reads as follows:

"The rules governing motions, arguments of counsel and applications for certiorari to complete the record as prescribed for the Courts of Civil Appeals shall apply to the Court of Criminal Appeals."

In article 849, C. C. P. 1925, it is made the duty of the clerk of the Court of Criminal Appeals, upon the rendition of a final judgment, to issue the mandate.

From what has been said it is apparent that by no provision of the statute is the Court of Criminal Appeals authorized to entertain a motion for rehearing after the adjournment of the term. It has been the practice to do so, however, in instances in which the first decision of the court is announced at a time less than 15 days before adjournment. The practice rests upon very little, if any, legal basis, but as a practical matter has much to commend it. The practice, however, has never been extended to authorize the court to consider a so-called "second motion for rehearing" after the adjournment of the term.

In the present instance the power of this court to revise a judgment which became final during the term upon the overruling of the motion for rehearing ceased with the close of the term, and at this time the court possesses no power to change the final judgment entered during the previous term, and, having no power to change its judgment or grant the relief prayed for in the application before it, it would be futile to permit the filing of said application. Even if privileged to consider the second motion for rehearing, the court would be constrained to overrule it. It reiterates the contentions that have heretofore been, on full and careful consideration, deemed inadequate to authorize the court to annul the conviction.

The application is denied.

### Opinion on Application for Leave to File Second Motion for Rehearing.

LATTIMORE, J. While this court is of opinion, as expressed by its presiding judge in connection herewith, that we cannot consider an application for leave to file second motion for rehearing which is filed after adjournment of this court, still, in view of the fact that appellant was given the extreme penalty of the law, we desire to say that we have examined his application and that in our opinion it presents nothing which was overlooked by the court in considering the matter originally or upon the motion for rehearing. The four points presented in connection with this application were each and all passed upon by the court. We must adhere to the rule that we will not consider second motions for rehearing even presented during the term, when they only present matters which have already been passed upon.