## BUELL McNEESE v. THE STATE.

No. 15167. Delivered April 27, 1932.
Rehearing Denied June 22, 1932.
Further Rehearing Denied October 12, 1932.
Reported in 52 S. W. (2d) 1049.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being four years in the penitentiary.

No bills of exception are found in the record. There does appear what purports to be some objection to the court's charge, but it is not authenticated by the trial judge's signature. In these purported objections reference is made to a number of special requested charges, but no requested charges are found brought forward in this record.

Deceased was James White, a negro. Appellant, Pat Henderson and Buster Whitely were white men. The killing grew out of a difficulty between deceased and his son Oleen White, on the one hand, and the three white men named, on the other. The record is silent as to what brought about the trouble. The killing occurred at a gin where White and his son had carried some seed cotton. The state's testimony, in substance, was to the effect that appellant and his two companions approached deceased and his son and engaged in an altercation with them; that Oleen White ran away from the scene of the trouble and was pursued by Henderson; that deceased released himself from appellant and Whitely and was hurriedly leaving the scene when appellant drew a pistol and fired four shots at him, which resulted in his almost immediate death. Appellant went to a truck which was standing on the gin grounds and gave his pistol to the driver of the truck and told him to hide it. After Henderson returned from his pursuit of Oleen White, Whitely and Henderson went to the gin office where deceased had gone, and the two assaulted him, either pushing or dragging him out of the gin office. Whitely drew a knife from his pocket and was threatening to cut deceased's head off when he was interferred with by some parties present. He threw the knife down by the side of deceased's body, saying at the time, "That is the knife he tried to cut me with." State's witness said this was the same knife he had a few minutes before seen Whitely take out of his own pocket. Appellant did not participate in the last assault upon the wounded negro by his two companions. Appellant's version of the matter, supported by the testimony of his witnesses, was that he was not a party to the original trouble between the negroes and Whitely and Henderson, but that they were fighting when he first noticed them, and that he saw deceased draw a knife and start to cut Whitely with it, and that he (appellant) fired solely in Whitely's defense.

All the issues, and the defensive issue of acting in behalf of Whitely, were properly and fairly submitted by the court, and all findings of fact

are in favor of the state. The evidence amply supports the verdict. The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The transcript herein has been corrected to show that the exceptions taken to the court's charge were properly presented and approved by the trial court, and we now consider same.

Appellant excepted to paragraph thirteen of the court's charge, which is as follows: "You are further instructed that you cannot consider the acts and declarations, if any, by Buster Whitely and Pat Henderson, or either of them, made in the absence of this defendant, for the purpose of proving a conspiracy; but you must find from the evidence, beyond a reasonable doubt, independent of the acts and declarations of the said Buster Whitely and Pat Henderson, or either of them, if any were made in the absence of the defendant, Buell McNeese, that a conspiracy was formed, before you would be permitted to consider said acts and declarations, if any, for any purpose whatsoever."

This paragraph does not present a strictly correct statement of the law, but the error is against the state, and affords appellant no ground for complaint. Acts and declarations of parties claimed to be principal offenders, made in pursuance of the common design, and prior to the consummation of such design, whether made or done in the presence of the other parties to the crime or not, are admissible against any or all of said parties. There may be, as frequently appears, exceptional cases to which the rule would not apply, but the instant case is not one of them. We see no reason for complaint, on the part of appellant, of the charge for instructing the jury they could not consider the evidence of Whitely and Henderson, two men who seem to have acted with appellant throughout in this case.

The holding in the opinion of Henderson v. State, 120 Texas Crim. Rep., 361, 48 S. W. (2d) 271, a companion case to that herein involved, which has already been decided by this court,—that it was error to refuse a charge on circumstantial evidence, could have no application in this case. The appellant shot deceased,—Henderson did not; hence the difference.

We think the case properly disposed of in our original opinion, and the motion for rehearing will be overruled.

*Overruled.*

ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The judgment was affirmed on April 27, 1932, by a written opinion, and motion for rehearing was overruled on June 22, 1932. On July 7, 1932, the appellant caused to

424

be filed with the clerk of this court a second motion for rehearing. At the time the second motion for rehearing was filed, the court had adjourned, and its judgment had become final. Therefore, it was not within the power of the court to change it. See Silver v. State, 110 Texas Crim. Rep., 512, 8 S. W., 144, 9 S. W. (2d) 358, 60 A. L. R., 290.

The motion is overruled.

*Overruled.*