# OCTOBER 14, 1936

CURG BURLESON v. THE STATE.

No. 18219. Delivered May 6, 1936.
Rehearing Denied June 26, 1936.
Appellant's Application for Leave to File Second Motion for Rehearing
Denied October 14, 1936.

The opinion states the case.

*Adams & McAlister*, of Nacogdoches, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of threatening to inflict serious bodily injury with the intent of extorting money, and his punishment was assessed at confinement in the state penitentiary for a term of six years.

Appellant's first contention is that the evidence is insufficient to warrant and sustain his conviction. The testimony adduced by the State shows that on or about the 14th day of October appellant came to the home of Edward Clark, a negro, and accused him of having taken $30.25 from the person of appellant at a negro supper, and threatened to kill Edward

Clark unless he returned unto him said amount of money. Clark denied that he took any money from Burleson at any time or anywhere; that he did not even see appellant at the negro supper; that at the time appellant made the threat he, Clark, did not have any funds available, but promised to bring it to the appellant the next morning. This threat was made about five o'clock P. M. and on the next morning Clark, accompanied by Leroy Garner, went to the home of Henry Steptoe, where appellant was making his home, and delivered to appellant $15.00 as part of the amount demanded by appellant; that at a later date he gave some more money to him. We think that this testimony, if believed by the jury, is sufficient to sustain the conviction.

Appellant takes the position that inasmuch as no weapon was used or exhibited in connection with the alleged threat and no money was obtained at that time, that the court should have granted his request for an instructed verdict. We do not believe that under the statute, art. 1268a, Vernon's Ann. P. C., under which this prosecution was had, it was necessary that money be obtained at the very time the threat is made; nor was it necessary that a weapon be used or exhibited in connection with such threat, because under such state of facts the case would be one of robbery. We think that if a threat to kill or inflict bodily injury is made with the intent of extorting money, and as a result of such threat money is obtained (although it is not deemed necessary that money be obtained) from the party threatened, whether it be immediately or at some future time, it is sufficient so long as the person threatened is laboring under the fear of such threat.

Appellant next complains that the court failed to affirmatively present his defensive theory, which he contends was raised by the following testimony: that some days prior to the time of the alleged offense Edward Clark borrowed from him the sum of $10.00; that Clark agreed to return it within a day or two; and after Clark had failed to return said money, appellant went to the home of Clark with the intent of collecting it; that at that time Clark claimed he did not have any money, but would bring it to him the next morning; that at no time had he threatened to kill Clark or do him serious bodily injury with the intent of extorting money. We do not believe that appellant's testimony presents any affirmative defense. When it is analyzed and simmered down, it amounts to a mere denial that he had threatened to kill or inflict serious bodily injury upon Clark with the view of extorting money. It is

obvious that threats are the gist of the offense because if he obtained money from Clark by any other means or methods than threats, or if he collected money which Clark had borrowed from him without the use of threats, he would not be guilty of the offense charged. The court instructed the jury, in effect, that if they believed from the evidence that the defendant did not extort money from Edward Clark by threatening to take the life or inflict serious bodily injury upon the said Edward Clark, or if they had a reasonable doubt thereof, they should find the defendant not guilty. The court further instructed the jury: "* * * if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Curg Burleson, on or about the 14th day of October, A. D. 1934, in the County of San Augustine, State of Texas, did threaten to take the life of Edward Clark, and did threaten to inflict serious bodily injury upon the said Edward Clark for the purpose and with the view of extorting money from the person of the said Edward Clark, verbally, as charged in the indictment, then you will find the defendant, Curg Burleson, guilty as charged in the indictment and assess his punishment," etc. We think that under the facts of this case, as the same appear in the record, that the court's charge was sufficient to protect the appellant's legal rights.

All other matters complained of seem to be without merit and are overruled.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have examined with care and interest the vigorous motion for rehearing in this case. We can not agree with appellant's contention that there must be evidence showing a present intention to execute the threats made by the accused, on the strength of which he got from the party threatened his property. We think the conclusion correct, as announced originally,—that if the threat was made with intent thereby to obtain from the party threatened his property,—and this is the result,—it would be immaterial whether or not the accused intended to carry out such threat.

Appellant insists that the trial court erred in not submitting an affirmative charge presenting his defensive theory. It is to be regretted that no special charge presenting what appellant is pleased to call his affirmative defensive theory, was presented. What the defense seems to call an affirmative defense, in this case,—does not appear to be something which being true destroys and renders impossible the truth of the State's case. It follows that what we originally said, in substance that appellant's testimony only amounts to a denial of the State's case, still appears to us to be sound, and that no error is found in the failure of the court to attempt to respond to the exception above set out.

In paragraph six of appellant's exceptions to the court's charge we find an exception to the refusal to submit the defensive theory based on the proposition that appellant thought Clark had robbed him,—in which case it is asserted he would have had the right to make inquiry and demand the return of his money. The unsoundness of this exception appears in appellant's own testimony, which refutes and contradicts the proposition contained in the exception. Appellant testified: "I had not lost any money by being robbed. I did not accuse Edward Clark of taking the $30.25." In the same paragraph of his exceptions to the charge we find the following:

"Nor does the court present affirmatively to the jury the defensive theory of the defendant, in that nowhere does the charge set out affirmatively his defense to said charge, as the court should instruct the jury on the affirmative defense of the defendant and make application of the same as is presented by the defendant in the trial, and the failure to do it is prejudicial and hurtful to the rights of the defendant and the court is taking from the defendant his affirmative right and leading the jury to believe his defense is not worthy when he says he attempted to collect borrowed money, and if so he would have a right to be acquitted, and the failure to so charge is prejudicial."

If we understand said exception, it is, in substance, that the trial court's charge was bad because it did not tell the jury that if appellant loaned Clark $10 on the Saturday before Monday, October 15th, and went somewhere not shown to see Clark about it on said Monday, and if $10 was paid back on Saturday following, then he, appellant, should be acquitted of the charge in this case. What we have just said contains the substance of what appellant testified to be the facts. We may

be wrong, but we are unable to see how this presented any affirmative defense.

In his able motion for rehearing appellant advances his idea of an affirmative defense. He argues that when one is charged with robbery, and he says he was not present but at another place,—is this merely a denial of the robbery? Also if when one is charged with murder, he claims and proves self-defense, is this merely a denial of the State's case? Also if when one is charged with theft, he claims and proves that the property was his own,—is this merely a denial of the theft? We are in accord with appellant, but in each illustrative instance above set out, the accused urged a defense which if true rendered untrue and impossible the truth of the State's case, and this is what should be properly called an affirmative defense.

Compare the case made by the State in the record before us and the defense there testified to. The State said,—Mr. Burleson, you went to Clark's home on Wednesday,—not on Saturday,—you demanded of him $30 on penalty of death,—not $10; he brought to your house on Thursday following said Wednesday a ten dollar bill and a five dollar bill, and on the following Sunday another ten dollar bill and a five dollar bill, to meet your demands,—not two five dollar bills on Saturday following a prior Saturday loan. The State further said, and the trial court agreed, and this court upheld the action of the lower court, that what you said occurred could all have taken place, and still all the State charges you with could also have occurred. In other words, that what the defense calls an affirmative defensive theory is not in fact something which being true would necessarily destroy and render impossible the truth of the State's case. It follows that what we originally said, in substance, that appellant's testimony but amounts to a denial of the State's case,—still appears to us to be sound, and that no error was presented by the failure of the court to attempt to respond to the exception above set out.

We are not of opinion that the word "extortion" is of such peculiar legal significance as to require of the court that in his charge he attempt to define same. Our ordinary English lexicons all agree as to the definition of said word, which is not, as we have said, of peculiar legal significance though cases might arise calling for some definition of said term.

We still think the facts sufficient. Clark said he barely knew appellant by sight, and if he told the truth appellant did not know him at all, for Clark swore that when appellant came to his house on the Wednesday mentioned he asked if Edward

Clark lived there. It would thus appear a bit incredible that appellant's story be true, viz: that he met a negro of whom he himself said he did not know whether he had any money, or had made any cotton that year,—and notwithstanding the fact that he needed his money, he loaned this negro $10 to go to a negro supper.

We also observe that the testimony reveals the presence at appellant's house when the money was taken there by Clark, according to the State's version of the matter, of various others of appellant's family, none of whom were brought to testify in support of appellant's case save his mother-in-law. The two State witnesses affirm the presence of appellant's sons in the yard at the time the money was paid. They do not appear in the record otherwise.

We have given as careful consideration as we can to the contentions made by appellant, and find ourselves unable to agree to same.

The motion for rehearing is overruled.

*Overruled.*

MORROW, P. J., absent.

### ON SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—The judgment was affirmed on May 6, 1936. On June 26, 1936, appellant's motion for rehearing was overruled. Court adjourned for the term on June 27th, 1936. On July 1st, 1936, the Clerk of the Court received a request from attorneys for appellant asking leave to file second motion for rehearing. For the reasons stated in Silver v. State, 110 Texas Crim. Rep., 512, 9 S. W. (2d) 358, we cannot consider second motions for rehearing which are filed, or sought to be filed after the adjournment for the term. See also McNeese v. State, 121 Texas Crim. Rep., 421, 52 S. W. (2d) 1049.

Appellant's request for leave to file second motion for rehearing denied.

*Denied.*