## T. S. HILL v. THE STATE.

No. 18782.   Delivered February 3, 1937.
Rehearing Denied June 23, 1937.
Second Rehearing Denied October 13, 1937.

The opinion states the case.

*T. P. Buffington,* of Navasota, and *B. W. George,* of Corsicana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, ten years in the penitentiary.

There are four bills of exceptions in the record, none of which can be considered by us because same were filed too late. Appellant's motion for new trial was overruled on July 24, 1936, and the trial term of the court below adjourned on July 25th of said month. The bills of exceptions referred to were filed October 7th. No order was made by the trial court during the term of trial granting to appellant any greater length of time than that allowed by statute, which time, according to the provisions of Art. 760, C. C. P., is thirty days from date of adjournment of court. We find in the record a written request of date October 6th asking the court to enter an order allowing appellant eighty days in which to file his bills of exceptions. On the 7th of October the court made the order requested. We find no supported claim of the proposition that there was any order made during the trial term, and the statute upon the question, and the decisions following same, are uniform and clear. We can not consider said bills of exceptions.

The facts seem to amply justify the jury's conclusion of guilt, and to warrant the infliction of the punishment given. Appellant made a written statement, after being duly warned in accordance with our statute, in which he admitted that he shot deceased with a shot gun loaded with buckshot, through a screen door, and that when deceased turned and fell on the porch appellant opened the screened door, stepped outside and shot him again with another load of buckshot. Appellant took the witness stand at the trial and testified that he was afraid deceased was going to execute a threat and cut off his head with an axe. He was not clear as to whether deceased had any axe in his hand or not at the time of the killing, and the axe had by deceased, on the occasion in question, was found by witnesses some distance away from the house, and at a point where it could not have been gotten after deceased had been shot by appellant.

The court charged fully upon self-defense and apparent danger, and threats, etc. We find in the record no exceptions to the charge of the court, but appellant requested four special charges.

The court certifies on special charge No. 1 that it was not presented to him after the close of the testimony and before the giving of his charge to the jury. The court also makes the same notation upon the second requested charge. Requested charge No. 3 sought to have the jury told, in effect, that they should acquit if they believed from the evidence that, at the time of the alleged killing, deceased was in the act of entering the home of

defendant, or if he was attempting to enter the home of defendant unlawfully. We find nothing in this record justifying any theory of a killing for the purpose of preventing injury to property of any kind. Appellant's testimony was, in effect, that he thought deceased was coming in his house to kill him with the axe, and his rights were fully protected upon such theory. In the absence of any testimony calling for a charge on defense of habitation, we are unable to see any need for giving said charge No. 3.

Appellant sought by another special charge to have the jury instructed on the law of circumstantial evidence. We find nothing at all in the record supporting any idea that proof of the killing was circumstantial. Appellant in his confession admitted that he killed deceased.

Not being able to agree with any of the propositions advanced by the accused, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant moves for rehearing on the sole ground that we were wrong in holding that the trial court did not err in refusing his special charge number three. The charge in question follows:

"You are instructed that a man has the right to prohibit another from entering such man's home, and after such prohibition an entry or attempt at entry by such other would be unlawful; and the owner of such home would have the right to resist such entry or attempt at entry by such means as may seem to be necessary to prevent such entry viewed from his standpoint alone at the time. Now if you believe from the evidence that at the time of the alleged killing as set out in the indictment deceased was in the act of entering the home of the defendant, unlawfully as hereinbefore set out; and it became necessary viewed from the defendant's standpoint alone at the time to prevent such unlawful entry, if any, or attempt at entry, the defendant shot and killed the deceased, you will acquit the defendant and say by your verdict not guilty."

It will be noted that the charge wholly ignores the provision of subdivision 4 of Art. 1227, P. C., which is operative where defense of property or invasion of the home is involved, said subdivision reading:

"Every other effort in his power must have been made by the possessor to repel the agression before he will be justified in killing."

A charge similar to that here requested was condemned in Wells v. State, 63 Texas Crim. Rep., 618, 141 S. W., 96 and Richardson v. State, 91 Texas Crim. Rep., 318, 239 S. W., 218. The facts do not place deceased in the position of a trespasser or threatened invader of the home as those terms are generally understood. He was working for appellant at the time of the homicide, and appears to have had free access to the house, and had formerly stayed there while working on the place. As was said in Richardson's case (supra):

"The facts do not impress us as presenting the issue that the homicide was in defense of property, but the true issue was whether it was in defense of appellant's person. If the issue existed, we think the special charges requested were not pertinent to present it. They ignored the essential elements of the law of homicide in defense of property, namely, that of resorting to other means before taking life."

The court's instruction on defense of the person was comprehensive, giving appellant the right to defend against an attack which deceased was making on appellant, "or appeared to be about to make."

It is true the expression is found in many cases to the effect that if the evidence raises the issue of defense of the home or habitation as well as defense of the person, both issues should be submitted to the jury, but the provisions of Art. 666, C. C. P., should not be ignored which directs that if any requirements regarding instructions to the jury have been disregarded "the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant." A careful re-examination of the evidence leads us to conclude that if an instruction on defense of the home would have been appropriate, that the failure to give it was not under the facts and the instructions given calculated in any way to injure appellant's rights.

The motion for rehearing is overruled.

*Overruled.*

### ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—On June 29, 1937, there was filed with the clerk of this court the appellant's application for leave to file a second motion for rehearing. At that time the court had adjourned for the term. The decisions are unanimous to the effect that the appellate court is without authority to

consider a second motion for rehearing filed after adjournment. See Silver v. State, 9 S. W. (2d) 358; Burleson v. State, 96 S. W. (2d) 785; Secrist v. State, 97 S. W. (2d) 196; McNeese v. State, 52 S. W. (2d) 1049; Ortiz v. State, 53 S. W. (2d) 58.

The application for leave to file the second motion for rehearing is denied.

*Denied.*