soundness of appellant's mind. However, we think that the rule announced in the Warren case relative to the admissibility of evidence went just as far as it might reasonably have gone, and we have no disposition to extend it any further. Nor do we think that the case of Adams v. State, 95 Tex.Cr.R. 226, 252 S.W. 797 supports the State's contention.

Believing the case was properly disposed of in our original opinion, the motion for a rehearing is overruled.

Court adjourned for the term June 23, 1939, and its judgment had become final.

On July 20, 1939, there was lodged with the Clerk of this court appellant's second motion for rehearing. Under the following authorities said second motion may not be considered, it having been presented for filing after adjournment for the term. McNeese v. State, 121 Tex.Cr.R. 421, 52 S.W.2d 1049; Burleson v. State, 131 Tex. Cr.R. 76, 96 S.W.2d 785; Silver v. State, 110 Tex.Cr.R. 512, 8 S.W.2d 144, 60 A.L.R. 290; Id., 110 Tex.Cr.R. 512, 9 S.W.2d 358, 60 A.L.R. 290; Hill v. State, 133 Tex. Cr.R. 92, 108 S.W.2d 912; Ralston v. State, 133 Tex.Cr.R. 100, 109 S.W.2d 185.

Appellant's request for leave to file second motion for rehearing is denied.

HAWKINS, Judge.

The judgment was affirmed in an opinion delivered March 1, 1939. A motion for rehearing was overruled on May 24, 1939.