## RAINWATER v. STATE.

### No. 20908.

Court of Criminal Appeals of Texas.

Oct. 16, 1940.

For prior opinion, see 141 S.W.2d 364.

James E. Faulkner, of Henderson, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

A second motion for a rehearing has been presented herein, same being received on July 8, 1940, after the adjournment of the term of this court on the last Saturday in June. At that term this cause was affirmed in an opinion handed down on May 8, 1940; thereafter, on June 26, 1940, appellant's motion for a rehearing therein was overruled in a written opinion of this court, 141 S.W. 2d 364, and this court on the 29th day of June 1940 adjourned for the term by operation of law. This application to file a second motion for a rehearing was not received by the clerk of this court until nine days after the adjournment of the term of court at which the judgment of affirmance became final. In the case of Silver v. State, 110 Tex.Cr.R. 512, 8 S.W.2d 144, 9 S.W.2d 358, 359, 60 A.L.R. 290, we held:

"From what has been said it is apparent that by no provision of the statute is the Court of Criminal Appeals authorized to entertain a motion for rehearing after the adjournment of the term. It has been the practice to do so, however, in instances in which the first decision of the court is announced at a time less than 15 days before adjournment. The practice rests upon very little, if any, legal basis, but as a practical matter has much to commend it. The practice, however, has never been extended to authorize the court to consider a so-called 'second motion for rehearing' after the adjournment of the term.

"In the present instance the power of this court to revise a judgment which became final during the term upon the overruling of the motion for rehearing ceased with the close of the term, and at this time the court possesses no power to change the final judgment entered during the previous term, and, having no power to change its judgment or grant the relief prayed for in the application before it, it would be futile to permit the filing of said application."

The application to file second motion for a rehearing is denied.