Vernon **MORTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43205.

Court of Criminal Appeals of Texas.

Nov. 18, 1970.

Rehearing Denied Dec. 31, 1970.

———◆———

Holt & Tatum by Marion G. Holt, A. L. Lowery, Nacogdoches, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for aggravated assault upon an indictment charging assault with intent to murder; the punishment was assessed at a fine of $800 and confinement in jail for six months.

Appellant operated a store and bait house near the dam at Sam Rayburn Lake. The record reflects that the injured party, Hoyt Cook, went into the store and purchased some snuff. As Cook started to leave, appellant started talking to him

about someone (presumably Cook's son) driving a pickup truck late at night near appellant's home.

Cook testified that appellant hit at his head with two cans; he ducked the blow at the head but was hit on the shoulder. Cook then hit appellant with his fist. Appellant then got a .22 caliber 9-shot pistol and at close range shot Cook in the shoulder. Cook and his son-in-law then ran outside and across the highway as appellant continued to shoot. One of the shots hit Cook's pickup truck in the left door. Cook's son-in-law went back to the pickup, drove by, got Cook and left.

Appellant denied shooting five or six times and testified that he shot only two shots, one at Cook to get him out of the store, and the second to keep him from going to the pickup to get a gun.

The first three grounds of error will be discussed together as appellant does in his brief. He contends that reversible error was committed (1) when the district attorney asked appellant if he was an alcoholic, (2) when he was asked how much he had to drink after the shooting occurred, and (3) when the district attorney argued that the jury should assess a jail sentence of two years in order for him to have time to dry out.

■ Appellant testified on direct examination that two friends who had been fishing came by and asked if he wanted a beer, and he stated: "I never turned one down," and that he drank three beers with them a short time before the difficulty.

Vaughn Lowery, a witness for appellant, testified that appellant drank some two or three beers and that appellant asked him and two others to return to his house and have a beer.

On cross-examination of the appellant the following transpired:

"Q. You are telling the truth a while ago when you said the fellow of-

fered you a beer and you never turned one down yet?

"A. That's right.

"Q. You mentioned that you're a diabetic. You're also an alcoholic, are you not?"

Appellant's objection was sustained and the jury was instructed not to consider the question for any purpose.

In view of the court's instruction, the evidence about drinking and the verdict of the jury of aggravated assault where the appellant admitted the intentional shooting, no reversible error is shown at the guilt stage of the trial.

■ The argument of the prosecutor complained of at the penalty stage of the trial was that defense counsel had mentioned that appellant was a diabetic to generate sympathy that medical attention would be available in jail, and

"* * * What's even better than medical attention being available to Mr. Morton is the fact that he will be limited to the taking of his medicine and not the consumption of anything else that might aggravate his diabetic condition. Probably the best thing you could possibly do to him for his own welfare to give him two years to dry out."

Appellant's counsel objected that this was highly irregular and moved for a mistrial. The court overruled the motion for mistrial, sustained the objection and instructed the jury not to consider the words "drying out."

In view of the court's instruction not to consider the argument and the evidence about appellant's drinking, no reversible error is shown.

The first, second and third grounds of error are overruled.

■ In the fourth ground of error complaint is made that error was committed when the State was permitted to ask a rep-

utation witness for the appellant if he had heard that appellant had been convicted for fighting and for disturbance of the peace.

The cross-examination was proper for the purpose of testing the knowledge of the witness concerning appellant's reputation as a peaceable law-abiding citizen. Whitaker v. State, Tex.Cr.App., 421 S.W. 2d 905; Smith v. State, Tex.Cr.App., 411 S.W.2d 548.

The fourth ground of error is overruled.

 In the fifth ground of error contention is made that the trial court erred because the court in his instruction on the law of defense of property did not require the jury to review the circumstances from the standpoint of the defendant alone.

The court gave an unlimited instruction on self-defense against an apparent attack under Article 1222, Vernon's Ann.P.C., and for a defense against an actual attack under Article 1224, V.A.P.C. Both of these instructed the jury to view the circumstances from the standpoint of the defendant.

The court in substance instructed the jury that if Cook put himself in the wrong in defendant's place of business after being asked to leave, then the defendant had the right to use all reasonable and necessary force to compel the injured party to leave the premises, and if, after he had exhausted all other available means at his command in his effort to compel the injured party to leave, he shot Cook, to find the defendant not guilty.

It appears that appellant did no more than ask Cook to leave before shooting him. According to his testimony, no other means were used to oust Cook.

It appears that the evidence does not raise the issue, and appellant was not entitled to the charge given. Wells v. State, 63 Tex.Cr.R. 618, 141 S.W. 96. Since he was not entitled to that part of the charge given, it follows that he was not entitled to have the charge which requested that the circumstances be viewed from his standpoint.

Assuming that the charge given was erroneous, it does not appear that such error was calculated to injure appellant's rights and is not reversible. Article 36.19, Vernon's Ann.C.C.P.

The fifth ground of error is overruled.

 Complaint is made in the last ground of error that the court failed to charge on the right to continue shooting in defense of his property.

Appellant testified that he shot Cook to eject him from the store and that he shot the pickup door to keep Cook from getting a gun. There is no testimony that appellant at this time was trying to protect his property. No such charge was required.

There being no reversible error, the judgment is affirmed.