## DALLAS TERM, 1906.

---

### J. C. WYATT v. THE STATE.

No. 3462. Decided January 31, 1906.

**1.—Local Option—Newly Discovered Evidence—Alibi.**

Where the motion for new trial shows that if the facts stated are true they were well known to defendant before the trial, and that no effort was made to secure the witness to prove the alleged alibi, there was no error in overruling the motion.

**2.—Same—Absence of Defendant—When Verdict is Returned—Statutes Construed.**

In felony cases the defendant must be present when the verdict is returned, whereas in a misdemeanor it is not necessary. Articles 633 and 749, Code Criminal Procedure, harmonized.

Appeal from the County Court of Panola. Tried below before Hon. J. G. Woolworth.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*L. W. Alfred* and *B. W. Baker,* for appellant.—White Crim. Proc., art. 633.

*Howard Martin,* Assistant Attorney-General, for the State.—White Crim. Proc., art. 634.

DAVIDSON, ·Presiding Judge.—Conviction for violating the local option law. The indictment was attacked. It follows the approved forms, and is sufficient.

Newly discovered evidence is alleged. An examination of it, however, shows that if the facts stated are true, they were well known to defendant before the trial, and no effort was made to secure the presence of the witness. It went to prove an alibi. If the testimony of the witness whom it is alleged would testify to the facts is true, then appellant was with him and knew of the facts at the time of the trial and no effort was made to secure his presence.

It is also urged as a ground for reversal that defendant was not present at the time the verdict was returned into court. This is shown to be a true statement of the fact. This constitutes no ground for reversal. Article 749, Code Criminal Procedure, provides that in all felony cases the accused must be present when the verdict is returned into court, but in misdemeanor cases the verdict may be received in the absence of the defendant. There is a conflict in the facts. The evidence for the State supports the conviction. The jury saw proper to believe the State's version, and we have no authority to set aside the judgment where the evidence is in conflict. The judgment is affirmed.

*Affirmed.*

ON REHEARING.

March 14, 1906.

DAVIDSON, Presiding Judge.—The judgment was affirmed at a former day of this·term, and the motion for rehearing is predicated upon error in the court holding that appellant's presence was not necessary when the verdict was received from the jury, and cites us to article 633, Code Criminal Procedure, which is as follows: "In all prosecutions for felonies, the defendant must be personally present on the

trial, and he must likewise be present in all cases of indictment or information for misdemeanors where the punishment or any part thereof is imprisonment in jail." Article 749, which must be construed in connection with article 633, supra, provides, "In all felony cases the accused must be present when the verdict is returned into court, but in misdemeanor cases the verdict may be received in the absence of the defendant." We do not believe these two statutes are contradictory or in conflict with each other. It is a familiar rule that, where two statutes are in apparent conflict they must be reconciled, if possible, so that both may stand. In our judgment, it is a correct construction of these two articles to hold that they can stand, and that article 633, providing that in misdemeanor cases involving imprisonment as a part of the punishment, is not inharmonious with article 749, which authorizes the reception of the verdict at the conclusion of the trial in the absence of the defendant in misdemeanor cases. In all felonies and misdemeanors involving jail imprisonment the party must be present during the trial by the terms of article 633, but by the terms of article 749, in felony cases the defendant must be present when the verdict is returned; whereas in misdemeanors it is not necessary, showing the legislative intent was to draw a distinction between what is termed a trial and the reception of the verdict at the hands of the jury. This construction harmonizes the two statutes; and in our judgment is in accord with the intent of the Legislature in passing the two statutes. That body has seen proper to make that distinction, and it was within their province to do so. Therefore, we are of opinion that the motion for rehearing is not well taken. The motion is accordingly overruled.

*Overruled.*