### BOB BEAVERS v. THE STATE.

No. 4074.    Decided February 19, 1908.

#### Local Option—Charge of Court—Need Not Set Out Evidence.

Where upon trial for a violation of the local option law, the State's witness claimed that he had left 25 cents on defendant's counter when the latter handed him a pint of whisky, and defendant claimed that he had not received the quarter

and had not sold prosecutor the whisky but had made him a present of it, which theory was somewhat borne out by the State's testimony, the court charged that if defendant sold the whisky to find him guilty, but if the jury believed that he did not sell it, to acquit him, there was no error, in refusing special charges which collated the facts indicating a lack of sale.

Appeal from the County Court of Ellis. Tried below before the Hon. J. T. Spencer.

Appeal from a conviction of a violation of the local option law; penalty, $25 and twenty days confinement in the county jail.

The opinion states the case.

*E. P. Anderson, Jr.,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This is a conviction for violating the local option law.

The State's witness, Chas. Jones, testified, in substance, that he lived in Waxahachie. "I know the defendant; have known him a good many years. We are pretty good friends. About October 15, 1906, I went into Crump's prescription house where defendant was working and told defendant I wanted a pint of whisky. He asked if I had a prescription. I told him I did not. He shook his head and told me there was nothing doing for me without a prescription. I asked him then to give me a drink. I told him that Joe Crow was over at the gin; that Crow and I had been working night and day and we wanted a drink to cut the dust out of our throats. He said, 'if you and Joe both need a drink that bad, take this along,' and handed me a short pint of whisky. He handed it to me across the bar; someone came in at the front door at this time, and defendant went to wait on him. We were standing at the lower end of the bar in plain view of anyone who was in the house or passing along the sidewalk. As defendant turned up to the bar to wait on the man who came in, I placed 25 cents on the bar and said, Joe will settle the rest of it. His back was to me at this time, and he was walking away to see what the other man wanted. So I don't know whether he heard me or whether he got the 25 cents. After he handed me the whisky I put my hand in my pocket and just as he turned I said, 'Here is 25 cents; you charge the other to Joe Crow,' at the same time placing the quarter of a dollar on the bar."

Appellant swore, in substance, the same with the following qualification: "I told him I could not sell it to him, but would give them a drink, and handed him a short pint of whisky, and told him to take it and he and Joe could drink it. Someone came in at this time and I turned to wait on him. I paid no attention to whom it was. Jones never paid me for the whisky, nor did Crow. I did not see Jones place 25 cents on the bar, nor hear him say anything about Crow paying for it, or part of it, nor did I get the 25 cents. I gave the prosecuting witness

the whisky. The whisky I gave the witness belonged to George Crump. I did not make it a practice to give his whisky away to my friends."

The court on this state of facts charged the jury, after defining the offense and charging the statute, that if defendant sold a pint of whisky to Jones to find him guilty, and if they do not so believe they will acquit defendant. Under this condition of the charge and the facts, appellant insists the court erred in not giving the following special charges: "Gentlemen of the jury: You are further instructed that, before you can convict in this case you must believe beyond a reasonable doubt, when Chas. Jones placed 25 cents on the bar, if he did, defendant knew he placed it there in part payment of the whisky, and he acquiesced in it and accepted it as part payment for said whisky." Again, "You are instructed that before you can convict in this case, you must believe beyond a reasonable doubt that when Chas. Jones placed 25 cents on the bar, if he did, defendant knew he placed it there in part payment for the whisky and he acquiesced in it and accepted it as part payment for said whisky. You are further instructed that it is no offense, under our law, to give another a pint of whisky in good faith."

The court informed the jury what a sale was, and charged the jury if appellant did not sell the whisky, or if they had a reasonable doubt thereof, to find him not guilty. After copying the statute as stated above, the charge in detail was as follows: "Now, if you believe from the evidence before you, beyond a reasonable doubt that defendant, Bob Beavers, in Ellis County, Texas, on or about the 15th day of October, 1906, did sell a pint of whisky to C. M. Jones, then you will find defendant guilty and assess his punishment by a fine of not less than $25 nor more than $100 and imprisonment in the county jail for not less than twenty nor more than sixty days. If you do not so believe you will acquit the defendant." Then charged upon reasonable doubt. In view of these charges, we do not think it was reversible error not to have given appellant's charges. They merely state the facts upon which the lack of a sale is predicated. The substance of appellant's testimony is that he did not sell it. The substance of the State's case is, conceding its credibility, that he did sell it; and it never has been laid down as a rule by this court that the trial court must collate the facts indicating a lack of sale, in order to give a proper charge. As the prosecuting witness placed the money on the counter and walked off, and defendant did not get it, this would merely indicate that he did not sell the whisky to him. On the other hand, if he got the whisky, and appellant took the quarter, it indicates clearly a sale. So, as stated, it is not necessary, nor required, under the decisions of this court, to rehearse the facts upon which a defense is made, but to charge the legal effect of such defense. It was done in this case.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*