### PAT BOOHER v. THE STATE.

#### No. 4181.   Decided October 11, 1916.

**1.—Misdemeanor—Theft—Allegation and Proof—Articles Stolen, Number of.**

Where the information alleged the theft of twenty-five turkeys and the evidence authorized the jury to find that five of the turkeys were stolen, the conviction was authorized. Following Grissom v. State, 40 Texas Crim. Rep., 146, and other cases.

**2.—Same—Receiving Verdict—Misdemeanor—Jail Penalty—Absence of Defendant.**

Upon trial of a misdemeanor in which a jail penalty was necessarily a part of the punishment, the court did not err in receiving a verdict of conviction in the absence of the defendant. Following Wyatt v. State, 49 Texas Crim. Rep., 193.

Appeal from the County Court of Stephens.   Tried below before the Hon. Jesse R. Smith.

Appeal from a conviction of theft of turkeys under the value of fifty dollars; penalty, a fine of fifty dollars and ninety days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—The State is never required to prove the exact number of articles alleged to have been stolen : Alderson v. State, 2 Texas Crim. App., 10; Grissom v. State, 40 id., 146; Pones v. State, 43 id., 201; Green v. State, 48 id., 80; Kersh v. State, 45 id., 451; absence of defendant when verdict is received : Gage v. State, 9 Texas Crim. App.. 259; Loving v. State, 100 S. W. Rep., 154, and case cited in opinion.

HARPER, JUDGE.—Appellant was convicted of theft of property under $50 in value and his punishment assessed at a fine of $50 and ninety days imprisonment in the county jail.

The information alleged the theft of twenty-five turkeys of the aggregate value of $35. Under the evidence there were identified only five of the stolen turkeys of the value of about $5. Appellant asked a special charge presenting the issue that, as the State alleged the theft of twenty-five turkeys, it must prove that appellant had stolen that number, and if the evidence showed that a less number was taken by appellant, to return a verdict of not guilty. Appellant sold a number of turkeys to G. W. Troxall and five of the turkeys so sold were identified as five of the stolen turkeys. Appellant asked a charge that if the turkeys sold to G. W. Troxall—some twenty odd in number—were not the identical turkeys stolen from Sam Lockhart to acquit him. The law of this State is, that although the information alleged the theft of twenty-five turkeys, yet proof that one turkey was stolen by

appellant would authorize a conviction for the theft of the one turkey, and as the evidence would authorize the jury to find that five of the turkeys sold by appellant to Troxall were a portion of the turkeys stolen from Lockhart, the verdict would be authorized, and there was no error in refusing the two special charges above mentioned. Grissom v. State, 40 Texas Crim. Rep., 146; Pones v. State, 43 Texas Crim. Rep., 201; Kersh v. State, 45 Texas Crim. Rep., 451.

The only other question raised is that the court erred in receiving the verdict in the absence of the appellant, this being a misdemeanor in which a jail penalty was necessarily a part of the punishment. This question has been before this court several times, and it has always held appellant's contention not well taken under the provisions of our Code of Criminal Procedure. It is fully discussed in Wyatt v. State, 49 Texas Crim. Rep., 193, and the provisions of the Code pointed out.

The judgment is affirmed.

*Affirmed.*