EARNEST HAMILTON v. THE STATE.

No. 13283. Delivered June 11, 1930.
Reported in 29 S. W. (2d) 777.

The opinion states the case.

*W. W. Alcorn,* of Fort Worth, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Officers entered upon the premises of one "Frenchie" for the purpose of making a search for intoxicating liquors. They found a still in operation in an outhouse. Whiskey was dripping into containers, and there was approximately nineteen gallons of whiskey in the house. Appellant was at the still engaged in pumping a pressure tank when the officers entered the house. It appears that the pressure tank forced gasoline into burners over which the mash was cooking. Upon seeing the officers, appellant ran through a hole in the corner of the building. He was apprehended and brought back into the house. Appellant had on work clothes. A path led from appellant's home to the building in which the still was discovered.

Appellant testified that he had gone to "Frenchie's" for the purpose of buying a pint of whiskey for medicinal use; that "Frenchie" left the house for the purpose of bringing him some older whiskey;

that he requested him to work the pressure pump while he went after the whiskey; and that he was complying with such request when the officers entered. He testified further that he did not have guilty knowledge that he was aiding in the manufacture of intoxicating liquor.

Appellant timely and properly excepted to the failure of the court to submit an instruction covering the law of circumstantial evidence. The evidence touching appellant's participation in the offense was direct.

Appellant excepted to the failure of the court to submit a charge covering his affirmative defense. It was evidently appellant's theory that his testimony to the effect that he had no guilty knowledge that he was aiding in the manufacture of intoxicating liquor raised an affirmative defense. It is observed that appellant was working the pressure pump in immediate connection with the still, and that intoxicating liquor was being manufactured by said still within appellant's immediate view. He had gone to the place, according to his own testimony, for the purpose of buying whiskey. If it is appellant's position that he was laboring under a mistake of law he was not excusable. Art. 40, Penal Code. If it be contended that he was laboring under a mistake of fact, his own testimony shows that such mistake arose from a want of proper care on his part. Art. 41, Penal Code, provides:

"If a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal he is guilty of no offense, but the mistake of fact which will excuse must be such that the person so acting under a mistake would have been excusable had his conjecture as to the fact been correct, and it must also be such mistake as does not arise from a want of proper care on the part of the person so acting."

In the state of the record, the opinion is expressed that appellant's testimony failed to raise an affirmative defense.

Appellant testified that the still did not belong to him. His testimony was further to the effect that "Frenchie" was engaged in manufacturing intoxicating liquor, and that in working the pressure pump he complied with the request of Frenchie. Appellant objected to the action of the court in charging on the law of principals on the ground that the issue was not raised. The testimony clearly raised the issue.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.