BENTON SINCLAIR V. STATE.

No. 24004.  April 21, 1948.
Rehearing Denied June 23, 1948.

Hon. L. D. Eakman, Judge Presiding.

*Joe H. Cleveland,* of Bowie, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was convicted upon a charge that while intoxicated he drove a motor vehicle, to wit, a truck, upon a public highway in Montague County, Texas. Punishment was assessed at a fine of fifty dollars.

E. R. Moore, a highway patrolman, saw appellant driving a motor truck with trailer attached on a street in Bowie, Montague County, Texas. In attempting to make a left turn the truck swung into the bar ditch on the right side of the street, then went across the street into the bar ditch on the left side of the street. Observing this, Moore overtook the truck, and testified that appellant was intoxicated. The officer found on the floorboard of the truck a half-pint bottle containing some whisky. Moore arrested appellant and took him to jail and delivered him to the jailer, who also testified that appellant was intoxicated. Mr. Prater, who was with Mr. Moore at the time in question, testified as to the manner in which the truck was operated. Mr. Statts was in the truck with appellant. Statts first saw appellant that day about twelve o'clock, at which time

appellant had a half-pint bottle of whisky. He and witness had one drink, the only drink witness saw appellant take. Witness testified that appellant was not intoxicated. Mr. Thomason came up after appellant had been arrested, and at his request Thomason drove the truck off the street onto a vacant lot. Thomason testified that he was not near enough to smell appellant's breath, but that witness saw nothing causing him to think appellant was intoxicated. Appellant testified, admitting that he had taken one drink, but denied that he was intoxicated, and explained the movements of the truck as caused by his effort to make a left turn too suddenly at the direction of Mr. Statts. Other witnesses who saw appellant either shortly before he was arrested, or soon afterwards, testified that in their opinion appellant was not intoxicated.

Under the facts the sole issue was whether appellant was intoxicated. The evidence was in conflict and the jury's finding settled that issue in favor of the State.

It is shown by bill of exception number one that when the jurors were called nine were present, and the county judge announced that he had excused four jurors. When it appeared that only nine jurors were available the court swore the sheriff and directed him to summons talesmen to complete the panel. Appellant objected to this because there were more than six of the regular jury panel present, and that talesmen should not have been summoned until it was ascertained if a jury could be obtained from those present. C. C. P., Arts. 628 and 629. The bill fails to present error. There is no showing that the court improperly excused the four jurors mentioned; neither does it appear that any of the talesmen summoned served on the jury. So far as the bill shows the jury may have been obtained from the nine jurors of the regular panel who were present.

Bill of exception number two fails to present error. It recites that the court announced a recess, waiting for an absent witness, and "excused the jury in the custody" of a deputy sheriff; that during such recess one of the jurors, separate from the others, was observed talking to a named party. When the court's attention was called to this he informed appellant's counsel that the separation was with the court's permission. In addition to this recital in the bill the court qualified it by stating that the juror was given permission to go to the drug store by himself, and that they had been instructed that they would not have to remain together, but must not discuss the case with anyone, nor permit anyone to discuss it with them. This being a

misdemeanor case, it was not reequired that the jury remain together. It is not claimed that the juror in question was conversing about the case on trial. No presumption that he was doing so will be indulged by this court.

Counsel for appellant waives bill of exception number three.

Bill of exception number four complains that the court refused the following special charge requested by appellant.

"Gentlemen of the Jury: You are further instructed that the burden of proof is upon the state to prove that at the time alaleged in the information that the defendant was intoxicated or under the influence of intoxicating liquor and if the evidence raises in your mind a reasonable doubt as to whether or not the defendant was intoxicated or under the influence of intoxicating liquor at the time he drove the truck in question at the place in question, then you will find the defendant 'Not guilty' and so say by your verdict."

It is appellant's contention that the charge in question presented an affirmative defense, which was not given in the main charge. It is not debatable that if the evidence from whatever source raises the issue of an affirmative defense, such defense must be submitted to the jury in an affirmative charge.

There was only one simple issue in the present case. That appellant was driving the truck was an admitted fact, and so recognized in the requested charge. The State averred that appellant was intoxicated at the time he so drove the truck. When appellant entered his plea of not guilty the burden was on the State to prove such averment. The State's witnesses testified that appellant was intoxicated at such time. Appellant and his witnesses denied that appellant was intoxicated. If appellant had claimed that Statts was driving the truck such evidence would have raised an affirmative defensive issue which would have called for an affirmative defensive instruction. If a party is charged with the theft of property, and presents evidence that he bought it, an affirmative defensive issue is raised which requires an affirmative defensive instruction; not so if he simply denies that he stole it.

The court in his charge told the jury in substance that if they believed from the evidence beyond a reasonable doubt that appellant while intoxicated operated a motor vehicle, to wit, a truck, on a public highway in Montague County to find him

guilty. In the next paragraph he told them if they did not find him guilty, or if they had a reasonable doubt as to his guilt, to acquit him. The court then told the jury that the burden of proof was on the State, that appellant was presumed to be innocent until his guilt was established beyond a reasonable doubt, and if they had a reasonable doubt as to his guilt to find him not guilty.

The issue was so simple that the jury well knew from the charge that if appellant was not intoxicated he was not guilty. Under the facts it occurs to us that no affirmative defense was raised, but that appellant's case was simply a denial of the State's charge. The following cases are thought to support the conclusion reached. Beavers v. State, 52 Tex. Cr. R. 598, 108 S. W. 682; Burleson v. State, 131 Tex. Cr. R. 76, 96 S. W. (2d) 785; Hamilton v. State, 115 Tex. Cr. R. 96, 29 S. W. (2d) 777; Elliott v. State, 95 Tex. Cr. R. 315, 255 S. W. 183; Horn v. State, 89 Tex. Cr. R. 220, 230 S. W. 693.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant claims that we erred in not sustaining his contention that the trial court erred in not charging on his affirmative defense that he was not intoxicated at the time and place charged in the information.

We have again reviewed the record in the light of his motion and remain convinced that the case was properly disposed of in the original opinion.

Therefore, the motion for a rehearing is overruled.

Opinion approved by the Court.