## MARGARET ROYAL V. STATE

No. 29,372. December 18, 1957.
Appellant's Motion for Rehearing Overruled
February 19, 1958.

*Frank W. Steinle,* Jourdanton, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

608

The offense is aggravated assault; the punishment, a fine of $250.00.

The two men who were the injured parties in the case testified that, on the afternoon in question, they drove to the appellant's home seeking a certain young lady who was there employed as a domestic so that one of them who had gone with her before might ask her for a date, that they went to the front door and talked to her but that she refused to go with them and informed them that she was keeping company with someone else; whereupon he asked that she return a watch which he had given her sometime before. They stated that at this juncture they heard a voice from within the house say, "You heard what she said, so you will get going;" whereupon they both returned to their automobile which was parked at the curb fifty feet away, and a few moments later one of them returned to the door of the house in order to make an additiional plea for the return of the watch but that the appellant again ordered him off the premises, and he left. They testified that after he returned to the automobile from the second trip to the door and as they prepared to leave a gun was fired from within the house and that each of them, as well as the automobile, was hit with pellets from a shotgun blast.

Appellant, testifying in her own behalf, gave practically the same version of the transaction except she stated that at the time of the second trip to the door the man pulled the eye out of the screen door latch and that she shot at the ground in an effort to scare them away at a time when one injured party was in the automobile and one was six feet from the porch in her front yard.

It was established that the shotgun surrendered by the appellant when used to fire the type of shells found therein was a deadly weapon when fired at a distance of fifty feet from a target.

The jury resolved what conflict there was in the evidence against the appellant, and we find the evidence sufficient to support the conviction.

We shall discuss the contentions advanced by appellant's able counsel in his brief.

He alleges jury misconduct in that neither the appellant nor her counsel were present in the courtroom when the jury returned

its verdict and "therefore the defendant lost the right of polling the jury and any other valuable rights she might have had in this matter."

Appellant's counsel testified that he and his client left the courtroom at the time the jury began its deliberations and went to his office which was on the courthouse square and there waited but were not called before the jury returned its verdict "but that he did not tell anyone to call him back to receive the verdict of the jury."

The trial court testified, among other things, that "those remaining after the case went to the jury waited in the hall or in the other courtroom." He was not asked anything about any arrangements to notify appellant or appellant's counsel nor whether or not he knew the whereabouts of appellant or her counsel at the time the jury reported that they were ready with a verdict.

Article 692, V.A.C.C.P., reads as follows:

"In felony cases the defendant must be present when the verdict is read unless his absence is wilful or voluntary. A verdict in a misdemeanor case may be received and read in the absence of defendant."

In Wyatt v. State, 49 Texas Cr. Rep. 193, 94 S.W. 219, this court held that absence of the defendant at the time the verdict was returned into court did not constitute the basis for a reversal of the conviction. See also Booher v. State, 80 Texas Cr. Rep. 72,, 188 S.W. 977.

A further ground of misconduct alleged was that the jury was allowed to separate and talk to those who were not members of the jury after both sides had rested and while the judge and counsel were preparing the charge.

Article 669, V.A.C.C.P., reads as follows:

"In misdemeanor cases the court may, at its discretion, permit the jury to separate before the verdict, after giving them proper instructions in regard to their conduct as jurors while so separated."

In Farris v. State, 74 Texas Cr. Rep. 607, 170 S.W. 310, this court held that error was not reflected by the action of the court

in a misdemeanor case in allowing the jury to separate when they were unable to arrive at a verdict and go to their respective places of abode for the night. In that case, as in the case at bar, no question was raised as to the sufficiency of the court's instructions to the jury and no showing was made that the jury was guilty of any improper conduct.

The cases relied upon by the appellant involved trials for a felony and, because of the statutes hereinbefore set out, have no application to the case at bar.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

Appellant again urges jury misconduct for a reversal because they were allowed to separate and talk with persons not members of the jury after the evidence had closed and during the preparation of the court's charge.

In support of the motion for a new trial there appears in the record an agreed statement of facts which was also signed by the trial judge. The statement of facts recites:

"That on June 11, 1957, after the jury was selected and sworn, they were duly instructed by the court that they were not to discuss this case among themselves, nor to allow anyone to discuss it with them, nor were they to discuss it with anyone else, during the trial of the case. The court further instructed the jury that they would not be kept together during the trial of the case, but that they were to observe the instructions given. That they were not to discuss the case among themselves until the proper time came for the final deliberations of the jury, to arrive at a verdict in the case. The court further specifically instructed the jury that if anyone attempted to discuss the case with them, that they were to report such action to the court immediately."

The statement of facts does not show the occurrence of anything during the separation of the jury which was injurious or prejudicial to the rights of the appellant.

In the absence of proof in a misdemeanor case that by reason of the separation of the jury something illegal or injurious oc-

curred, from which injury was reasonably certain, it will be presumed that the separation was allowed in accordance with the statute and that the instructions given were obeyed. 4 Texas Juris., p. 55, Sec. 35; 1 Branch, 2nd, p. 576, Sec. 602; Donohue v. State, 90 Texas Cr. Rep. 541, 236 S.W. 86; Sinclair v. State, 152 Texas Cr. Rep. 212, 212 S.W. 2d 153.

The motion for rehearing is overruled.

Opinion approved by the Court.