**George Earl ZYBURA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40808.**

Court of Criminal Appeals of Texas.

Nov. 29, 1967.

James F. Moore, Lubbock, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is under Art. 802b, P.C., for the subsequent offense of drunk driving; the punishment, three months in jail and a fine of $750.

Probation was granted appellant and imposition of sentence was suspended upon certain terms and conditions.

This is an appeal by appellant under the authority of Art. 42.12, Sec. 8, of the 1965 Code of Criminal Procedure, at the time he was placed on probation.

In charging the offense, the indictment alleged a prior conviction of appellant on June 1, 1964, in Cause No. 2591, in the County Court of Hale County, for the misdemeanor offense of driving while intoxicated.

The state, in making proof thereof, offered in evidence as state's exhibit #3 certified copies of the complaint, information, and judgment in said Cause No. 2591, which showed that on March 1, 1965, the defendant was convicted in said court of the mis-

demeanor offense of driving while intoxi-cated.

Appellant duly objected to the exhibit on the ground of a variance between the allegations of the indictment and the proof as to the date of the prior misdemeanor conviction.

Such objection was by the court overruled.

In such ruling the court erred.

We sustain appellant's first ground of error, which is that the evidence is insufficient to sustain the conviction because of the material variance between the pleading and the proof as to the date of the prior misdemeanor conviction. See: Goodale v. State, 146 Tex.Cr.R. 568, 177 S.W.2d 211; Green v. State, Tex.Cr.App., 219 S.W.2d 687; Colvin v. State, 172 Tex.Cr.R. 310, 357 S.W.2d 390; and Clopton v. State, Tex.Cr.App., 408 S.W.2d 112.

In the event of another trial the court should, in submitting the state's case and applying the law to the facts, present the converse thereof and give application to the law of reasonable doubt. McCracken v. State, 168 Tex.Cr.R. 565, 330 S.W.2d 613.

The judgment is reversed and the cause is remanded.