**Robert Andrew MALONE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43708.**

Court of Criminal Appeals of Texas.

April 27, 1971.

Troy V. Smith, Tyler, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The conviction is for the subsequent offense of driving while intoxicated; the punishment, five years.

This is an out-of-time appeal. The one question presented is whether or not there was a variance between the indictment and the proof as to the prior misdemeanor conviction alleged. The indictment reads as follows: (Emphasis added):

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors, duly selected, organized, sworn and impaneled as such for the County of Smith, State of Texas at the January Term, 1968, of the 7th District Court for said County, a quorum thereof being present, upon their oaths present in and to said Court that on or about the 6th day of March A. D. 1968, and anterior to the presentment of this indictment, in the County and State aforesaid ROBERT ANDREW MALONE did, then and there unlawfully while intoxicated and while under the influence of intoxicating liquor, drive and operate a motor vehicle upon a public highway, there situate;

AND, THE GRAND JURORS, AFORESAID, UPON THEIR OATHS, AFORESAID, do further present in and to said Court that prior to the commission of the aforesaid offense by the said ROBERT ANDREW MALONE, to-wit; on the 24th day of March, A. D. 1967 in the County Court at Law of Smith County, Texas, in Cause No. 18,-904 on the docket of said Court, the said ROBERT ANDREW MALONE was duly and legally convicted in said last named court of a misdemeanor of like character as alleged against him in the first paragraph hereof, to wit: Driving While Intoxicated, a misdemeanor, upon an information then legally pending in said last named Court and of which said court had jurisdiction, *and said conviction was a final conviction and was a conviction for an offense committed by him, the said ROBERT ANDREW MALONE prior to the commission of the offense hereinbefore charged against him, as set forth in the first paragraph hereof; against the peace and dignity of the State.*

/s/   Foster E. Murphy
Foreman of the Grand Jury"

The State, to support the allegation of a prior conviction, introduced copies of the judgment and sentence in the misdemeanor conviction, these showed that the judgment was entered on March 24, 1967 and that appellant was sentenced in said cause on June 1, 1967. Appellant argues that the State did not allege the date of the "final conviction." In White v. State, 171 Tex. Cr.R. 683, 353 S.W.2d 229, this Court said:

"In a felony case, the sentence is the final judgment of conviction, without

which there is no final conviction. 1 Branch's Ann.P.C. (2d), 684, Sec. 699; Ex parte Hayden, 152 Tex.Cr.R. 517, 215 S.W.2d 620."

In Zybura v. State, Tex.Cr.App., 420 S. W.2d 954, a case similar to this

" * * * the indictment alleged a prior conviction of appellant on June 1, 1964, in Cause No. 2591, in the County Court of Hale County, for the misdemeanor offense of driving while intoxicated.

"The state, in making proof thereof, offered in evidence as state's exhibit #3 certified copies of the complaint, information, and judgment in said Cause No. 2591, which showed that on March 1, 1965, the defendant was convicted in said court of the misdemeanor offense of driving while intoxicated."

The date alleged in Zybura v. State, supra, was the date the information was filed. This case was decided prior to the 1965 amendment of Art. 42.02, Vernon's Ann.C.C.P., which provided that sentences must be entered in all misdemeanor cases except where the maximum punishment possible was by fine only. Prior to that time the judgment of guilt was sufficient, no sentence being required.

■ Art. 802b, Vernon's Ann.P.C., under which this case was prosecuted, provides: (Emphasis added):

"*Any person who has been convicted of the misdemeanor offense of driving or operating an automobile or other motor vehicle upon any public road or highway in this State, or upon any street or alley within an incorporated city, town or village, while intoxicated or under the influence of intoxicating liquor,* and who shall thereafter drive or operate an automobile or other motor vehicle upon any public road or highway in this state, or upon any street or alley within the limits

of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, shall for each and every subsequent such violation be guilty of a felony. * * *."

Under this article the prior misdemeanor conviction is an element of the subsequent felony offense, and it is incumbent on the State to plead and prove the prior misdemeanor conviction. Thus, the indictment for the felony offense must allege the prior misdemeanor conviction. Barlow v. State, Tex.Cr.App., 398 S.W.2d 933, appeal dismissed, 386 U.S. 16, 87 S.Ct. 848, 17 L. Ed.2d 697.

■ Article 21.03, V.A.C.C.P., requires that an indictment be of such certainty as to enable the accused to plead the judgment that may be given upon it in bar to any prosecution for the same offense. In a prosecution under Art. 802b, supra, the punishment is aimed at the subsequent offense and therefore, the indictment must be such as will enable an accused to plead the judgment that may be given upon it in bar to any prosecution for the same subsequent offense.

Further, Article 21.03, V.A.C.C.P., cannot be said to apply to the misdemeanor conviction because, as clearly evidenced by the language of Art. 802b, supra, this conviction is available to be used by the State in all subsequent violations and the use of the misdemeanor offense in an indictment for driving while intoxicated, a felony, is no bar to the State using that same misdemeanor conviction in a second indictment for driving while intoxicated, a felony. A valid misdemeanor conviction can be used any number of times for the felony prosecution under Art. 802b.

Article 21.11, V.A.C.C.P., provides that:

"An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such manner as to enable a per-

son of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction to pronounce the proper judgment."

█ We must, therefore, look to the indictment in the case at bar in light of the provisions of Art. 21.11, supra. The emphasis has been added to show the portion of the indictment of the most import here. This emphasis is the essence of the matter of whether or not there was a variance between the indictment and the proof offered. A careful reading of the entire second paragraph reveals that the allegation was made that the appellant was convicted on March 24, 1967 of the misdemeanor offense and that such conviction had become a final conviction prior to the commission of the offense charged in paragraph one. The date alleged is the date of the judgment, not the sentence.

Further, the statements in the second paragraph are sufficient to give the appellant notice of the prior misdemeanor conviction intended and it is sufficient to fulfill the requirements of Art. 21.11, supra. *In a case such as this* all that should be required is that the indictment allege a conviction, giving either the date of judgment, sentence or date of mandate from this Court. This, combined with an allegation that the conviction so mentioned was final prior to the commission of the subsequent offense and the presentment of the indictment is sufficient to give a party notice of the misdemeanor conviction intended. Once this is done and the State presents proof there was a conviction, then the burden should rest on the accused to refute the finality of the conviction. Zybura, supra, is overruled.

There being no reversible error, the judgment is affirmed.