Carl Eugene HAGER, Appellant,

v.

The STATE of Texas, Appellee.

No. 45491.

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Jim Heaney, South Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and George O. Jacobs, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 225 days in jail and a fine of $250.

Ground of error number 1 relates to appellant's contention that the complaint was not sworn to before a proper officer. The complaint upon which this prosecution was instituted was sworn to before R. E. Dahlin, Assistant District Attorney. Such has been held to be a valid complaint. Catchings v. State, 162 Tex.Cr.R. 342, 285 S.W.2d 233.

Ground of error number 2 relates to the taking of the breathalyzer test. This test was administered on March 22, 1971.[1] The State's witness stated that the test was made with appellant's consent. There was no request that the trial court submit the issue as to appellant's consent and no objections to the charge on this ground were made. The taking of a chemical test with the consent of the accused violates none of his rights. Sockwell v. State, Tex. Cr.App., 429 S.W.2d 460.

Ground of error number 3 relates to the failure of the Court to charge the jury that appellant would not be guilty of the offense if he were not intoxicated. The Court's charge, as given, adequately presented the issue of appellant's intoxi-

cation. The failure to grant the requested charge is not reversible error. See Article 36.19, Vernon's Ann.C.C.P.

Finding no reversible error, the judgment is affirmed.

---

1. The amendment to Article 802f, Vernon's Ann.P.C., was effective June 7, 1971.