Samuel Kay SHANNON, Appellant,

v.

STATE of Texas, Appellee.

No. C14–83–169–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Discretionary Review Refused Jan. 23, 1985.

See also, Tex.App., 681 S.W.2d 142.

John Keirnan, Houston, for appellant.

Timothy Taft, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Appellant was convicted of aggravated robbery, under TEX.PENAL CODE ANN. § 29.03 (Vernon 1974), and was sentenced to life imprisonment as a habitual offender. We affirm his conviction.

A complete recitation of the facts is unnecessary to the disposition of this appeal. Specific facts will be discussed only so far as they relate to specific grounds of error.

In ground of error one, Appellant asserts that his right to a speedy trial, as provided for in TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1984), was violated because 163 days elapsed between the date of his arrest and the date he went to trial. We find no violation of the Speedy Trial Act.

An announcement of ready for trial was prepared by the State and file stamped August 16, 1982. However, Appellant was not arrested until September 14, 1982, and was not indicted until October 8, 1982. Two agreed motions to reset were filed and Appellant's attorney wrote "No waiver of Speedy Trial" on each document. On February 16, 1983, Appellant moved to dismiss the charges against him for failure to comply with the Speedy Trial Act. Appellant and the State both announced ready on February 21, 1983, and trial commenced the next day.

The court heard Appellant's motions prior to trial. The District Attorney testified that he caused the announcement of ready to be filed on August 16, 1982, he presented the case to the Grand Jury on October 8, 1982, and Appellant was indicted the same day. He further testified that "[O]n the date of the indictment, as well as the date of the announcement of ready, the State was ready to go to trial in the case ...." He also informed the court that the State and the defense had at all times requested the court coordinator to give them the earliest possible date for trial and that she did so. On cross-examination, Appellant queried the District Attorney only as to the written announcement of ready and not as to the court docket and the earliest possible

trial setting. The court coordinator was not available for testimony at this time. She was never called to testify in order to supplement the record although the trial judge indicated that he felt her testimony was necessary.

■ We note that the written announcement of ready, which was file stamped August 16, 1982, was filed before the arrest, complaint or indictment. Thus, it was filed before the action ever commenced and was prima facie invalid. However, the District Attorney's testimony that the State was ready at the time of indictment was a valid announcement of ready and constituted a prima facie showing of conformity to the Speedy Trial Act subject to rebuttal by Appellant. Appellant failed to rebut this showing of readiness. *See Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Crim.App. 1979). The trial court properly overruled Appellant's motion. Ground of error one is overruled.

In ground of error two, Appellant argues that the trial court erred in overruling his Motion to Suppress Evidence seized as the result of an illegal arrest. So far as we can understand Appellant's convoluted argument, we believe he is arguing that because his arrest was illegal, his in-court identification must be suppressed. We presume this is his proposition because the only evidence seized related to another trial of Appellant; none of the evidence seized was admitted in the trial of this case.

Appellant became a suspect in a series of residential burglaries on September 12, 1982. The officers involved in the investigation checked with the Warrants Division of the City of Houston and determined that there were two outstanding traffic warrants on Appellant. At that point, the officers set up surveillance on Appellant's house. They observed Appellant leave his house and drive away on September 14 and followed him until he parked and exited the car in the parking lot of a convenience store. He was arrested on the basis of the outstanding traffic warrants and the automobile was searched pursuant to an inventory search.

Appellant contends that his arrest was illegal because the traffic warrants had expired and were void. They were issued on December 20, 1978, and contain the language "[Y]ou are commanded to arrest Defendant instanter and bring him before this court within ninety days of this date, January 10, 1979." Appellant, however, cites no authority holding that traffic warrants can expire and we have found no authority to that effect.

■ Consequently, we hold that no illegal arrest occurred and that any "evidence seized" was properly admitted. We further note that Appellant did not object to the in-court identifications at time of trial and, therefore, has waived any error on appeal. *Nelson v. State*, 607 S.W.2d 554, 555 (Tex.Crim.App.1980). We overrule ground of error two.

■ In ground of error three, Appellant specifically alleges the in-court identification "was tainted by lineup procedures which denied [him] due process." We find no merit to this argument because both complainants testified at the hearing on the Motion to Suppress In-Court Identification that their ability to identify Appellant in court was independent of any prior identifications. Both complainants testified that the lighting conditions in the house where the robbery occurred were excellent and that they had observed him for between forty minutes and one hour. We hold that the in-court identifications of Appellant were based upon observations made at the time of the commission of the crime and had an origin independent of any prior alleged improper identification procedures. *Thomas v. State*, 605 S.W.2d 290, 292 (Tex. Crim.App.1980) (en banc). Ground of error three is overruled.

Appellant's final ground of error deals with an alleged fatal variance between the pleading and the proof of the enhancement paragraph. He argues that the indictment refers to an offense committed on March 1, 1979, but that the proof offered, the Order Revoking Probation—Imposition of Sentence, showed March 7, 1977 as the date

**142**

the order was signed. Appellant concludes that a fatal variance occurred, citing *Zybura v. State*, 420 S.W.2d 954 (Tex.Crim.App. 1967), and *Colvin v. State*, 172 Tex.Crim. 310, 357 S.W.2d 390 (1962).

Appellant incorrectly informs this court that the order was signed on March 7, 1977, when in reality it was signed on March 7, 1979. Further, the order states "that the sentence is to commence on the 1st day of March, 1979." Thus, it appears the pleadings and the proof did not vary. Even if we were to hold that there was a variance, we do not hold that it was a fatal variance. *See Cole v. State*, 611 S.W.2d 79 (Tex.Crim.App.1981). *Cole* reiterates the long-established rule that the degree of specificity required in charging the original offense is not required when alleging prior convictions for enhancement purposes, *id.* at 80, and that the purpose of the enhancement allegation is merely to provide the defendant with notice of the prior conviction upon which the State relies. *Id.* at 82. The court also points out that "the trend in the law regarding allegations of prior convictions has generally been toward a relaxation of the rigid rules of the past." *Id.* at 81. The standard of review to be applied in cases such as this, where there is a discrepancy in dates, is whether Appellant was misled or prejudiced in the preparation of his defense. Absent such injury, no fatal variance occurs. *Id.* at 82. Further, *Colvin*, which was relied on by both Appellant and by the *Zybura* court, was expressly overruled in *Cole*. *Id.*

Applying this standard of review to our case, we hold no fatal variance occurred. Appellant did not argue or prove that the variance misled him or prejudiced his position. The six day "variance" was the time expired between the imposition of sentence and the signing of the order. Ground of error four is overruled.

In addition to the brief filed by counsel for Appellant, Appellant has filed a pro se brief. There is no right to hybrid representation in Texas. *Rudd v. State*, 616 S.W.2d 623 (Tex.Crim.App.1981). Appellant's pro se brief presents nothing to review. We have, however, examined the contentions asserted therein and find no error.

The conviction is affirmed.