**Robert Bruce MOORE, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 752–83.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 23, 1987.

Edgar A. Mason, Dallas, for appellant.

Henry Wade, Dist. Atty. and Tom Streeter, Andy Beach and Mark Tolle, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for State.

**OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

McCORMICK, Judge.

Appellant was charged with the offense of driving while intoxicated. His defense at trial was that he was not intoxicated. During the guilt-innocence portion of his trial, appellant asked that the following be included in the court's charge:

"... the Defendant would not be guilty of the offense alleged if he was not intoxicated, even if you should find, beyond a reasonable doubt, that he operated a motor vehicle at the time and place in question. Therefore, if you find and believe that the Defendant was not intoxicated at the time and place in question, or if you have a reasonable doubt, you will acquit the Defendant."

This requested charge was denied. The charge actually submitted to the jury reads in pertinent part:

"Now, therefore, if you find and believe from the evidence, beyond a reasonable doubt, that the Defendant, Robert Bruce Moore, on or about the 3 (sic) day of September A.D. 1981, in the County of

Dallas and State of Texas was intoxicated or under the influence of intoxicating liquor, and while so intoxicated or under the influence of intoxicating liquor on said date did then and there drive or operate an automobile or other motor vehicle upon a public road or highway in the County of Dallas and State of Texas, as charged in the Information herein, you will find the Defendant guilty as charged in the Information, and you will make no finding in this verdict as to punishment. *If you do not so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will acquit the Defendant and say by your verdict Not Guilty."* (Emphasis added)

On appeal, appellant argued that the trial court erred in denying his requested charge. In an unpublished opinion, the Dallas Court of Appeals determined there was no error because an accused is not entitled to the affirmative submission of a defensive issue which merely denies the existence of an essential element of the State's case. The Court further held that the charge submitted to the jury contained a general converse instruction which in essence was substantially equivalent to the charge requested by the appellant. *Moore v. State,* No. 05–82–00553–CR, delivered June 27, 1983 (Tex.App.—Dallas, 1983). The appellant, relying on this Court's opinions in *Zybura v. State,* 420 S.W.2d 954 (Tex.Cr.App.1967), and *McCracken v. State,* 168 Tex.Cr.R. 565, 330 S.W.2d 613 (1960), urges in his petition for discretionary review that the decision of the Court of Appeals is wrong. We granted the appellant's petition to examine the holding of the Court of Appeals.

Initially we note that the cases relied on by appellant, *Zybura* and *McCracken,* are not the clear authority that appellant would have us believe. In *Zybura,* this Court reversed the defendant's conviction for a subsequent offense of drunk driving because the evidence was insufficient as to the prior misdemeanor conviction. In closing, the writer of the opinion noted that in the event of a retrial, the court's charge should present not only the application of

the law to the facts, but also the converse thereof and give application to the law of reasonable doubt. The opinion gives no guidance as to what should be included in the converse portion of the charge and we cannot presume to speculate that this dicta would somehow support appellant's argument in the instant case. · Finally, it is important to note that *Zybura* was overruled in *Malone v. State,* 466 S.W.2d 310 (Tex.Cr.App.1971). In *McCracken,* the defendant urged that the trial court instruct the jury that, if they believed that he was not operating the motor vehicle upon a public highway or if they found that he was not under the influence of intoxicating liquor at the time, then they should find him not guilty. The court refused to so instruct the jury. On appeal, this Court implied that the failure to give the requested charge was erroneous. However, the case was actually reversed because the court's charge failed to apply the law of reasonable doubt to the case. Thus although it may be said that failure to give such a converse charge is error, we have found no authority which holds that such failure is *reversible error.*

Appellant does recognize the case of *Hager v. State,* 487 S.W.2d 723 (Tex.Cr.App.1972), which is directly on point, and holds that the failure to give such a charge is not reversible error. He maintains that his case should be distinguished from *Hager* because he vigorously contested the issue of whether or not he was intoxicated at the time of his arrest. Unfortunately the opinion in *Hager* does not give us sufficient information to determine if Hager did likewise. However, we find that that mere fact is not enough to distinguish *Hager* from the instant case.

Moreover, our research has revealed a case in which the issue of intoxication was hotly contested. In *Sinclair v. State,* 152 Tex.Cr.R. 212, 212 S.W.2d 153 (1948), the accused was also charged with DWI. Sinclair maintained at trial that he was not intoxicated at the time of the alleged offense. As a result he requested that the following charge be submitted to the jury:

" 'Gentlemen of the Jury: You are further instructed that the burden of proof is upon the state to prove that at the time alleged in the information that the defendant was intoxicated or under the influence of intoxicating liquor and if the evidence raises in your mind a reasonable doubt as to whether or not the defendant was intoxicated or under the influence of intoxicating liquor at the time he drove the truck in question at the place in question, then you will find the defendant "Not guilty" and so say by your verdict.' " *Sinclair*, supra 212 S.W.2d at 155.

The trial court refused to give the requested charge to the jury and on appeal Sinclair argued that this constituted reversible error. This Court disagreed. Because we find the opinion in *Sinclair* clearly answers appellant's contentions in the instant case, we quote extensively therefrom:

"It is appellant's contention that the charge in question presented an affirmative defense, which was not given in the main charge. It is not debatable that if the evidence from whatever source raises the issue of an affirmative defense, such defense must be submitted to the jury in an affirmative charge.

"There was only one simple issue in the present case. That appellant was driving the truck was an admitted fact, and so recognized in the requested charge. The State averred that appellant was intoxicated at the time he so drove the truck. When appellant entered his plea of not guilty the burden was on the State to prove such averment. The State's witnesses testified that appellant was intoxicated at such time. Appellant and his witnesses denied that appellant was intoxicated. If appellant had claimed that Statts was driving the truck such evidence would have raised an affirmative defensive issue which would have called for an affirmative defensive instruction. If a party is charged with the theft of property, and presents evidence that he bought it, an affirmative defensive issue is raised which requires an affirmative defensive instruction; not so if he simply denies that he stole it.

"The court in his charge told the jury in substance that if they believed from the evidence beyond a reasonable doubt that appellant while intoxicated operated a motor vehicle, to wit, a truck, on a public highway in Montague County to find him guilty. In the next paragraph he told them if they did not find him guilty, or if they had a reasonable doubt as to his guilt, to acquit him. The court then told the jury that the burden of proof was on the State, that appellant was presumed to be innocent until his guilt was established beyond a reasonable doubt, and if they had a reasonable doubt as to his guilt to find him not guilty.

"The issue was so simple that the jury well knew from the charge that if appellant was not intoxicated he was not guilty. Under the facts it occurs to us that no affirmative defense was raised, but that appellant's case was simply a denial of the State's charge...." *Sinclair v. State*, supra 212 S.W.2d at 155.

See also *Whitaker v. State*, 421 S.W.2d 905 (Tex.Cr.App.1967); *McDonald v. State*, 163 Tex.Cr.R. 244, 289 S.W.2d 939 (1956); *Johnson v. State*, 145 Tex.Cr.R. 603, 170 S.W.2d 770 (1943).

We find that since appellant's requested instruction did not encompass an affirmative defense but was merely a denial of one of the elements of the State's case and since the court's instructions sufficiently directed the jury as to their duty, the trial court did not err in refusing appellant's requested charge.

The judgment of the Court of Appeals is affirmed.

TEAGUE, J., dissents.