**Danny STONE and Wife, Betty C. Stone, Appellants,**

v.

**METRO RESTAURANT SUPPLY, INC., Appellee.**

No. 18617.

Court of Appeals of Texas, Fort Worth.

Feb. 25, 1982.

Rehearing Denied March 25, 1982.

Baker, Miller, Phillips & Murray, and Bill Kuhn, Dallas, for appellants.

Simon & Simon and Marilyn B. Walker, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ., concur.

## OPINION

HOLMAN, Justice.

This is a suit seeking payment for the purchase of heavy kitchen equipment delivered to appellant's premises by the appellee.

Trial was to a jury which found that appellant and appellee had entered into an agreement for purchase of the equipment for $3,110.10, and that it had been delivered. The court rendered judgment for appellee for the unpaid purchase price and attorney fees.

We affirm.

Appellant contends that there was both no evidence and insufficient evidence of an agreement to support the submission of special issues one through three and the trial court's judgment based thereon.

In reviewing the record, we must consider all of the evidence, both that tending to prove the fact of an agreement and that tending to disprove it. *Burnett v. Motyka*, 610 S.W.2d 735 (Tex.1980); *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263, 265 (Tex. 1974).

Mack Duckett, president of appellee supply company, testified that he had an agreement with appellant concerning the sale of certain items of heavy kitchen equipment consisting of a commercial-size cookstove, dishwasher and shelving.

Mr. Duckett also testified that appellant accepted the price quoted, and that Mr. Duckett had telephone conversations with appellant concerning acceptance of the bid

and directions for delivery of the equipment to appellant's business premises.

Appellee's salesman, John LoSciuto, testified that appellant informed him that he would need a dishwasher and range for appellant's new building, then under construction. Appellant directed Mr. LoSciuto to contact the building contractor for the purpose of obtaining the specification requirements of the equipment.

Appellant testified that he had bought *light* kitchen equipment from LoSciuto at an earlier time, but on this occasion referred LoSciuto to his contractor to discuss the heavy kitchen equipment since his "turn key" contract made the purchase of such equipment the contractor's responsibility.

The building contract between appellant and contractor was silent as to the heavy kitchen equipment. Also none of the payments made to the contractor during construction were identified as payment for heavy kitchen equipment.

Appellant points to the fact that the contractor signed the invoice on a line labeled "signature of purchaser" as support for its contention that the contractor was the actual buyer of the equipment.

The evidence shows that appellant did not prove that he paid the contractor for the kitchen equipment. There is no evidence that such payment was made by the lending institution that financed the construction of the building.

The jury found there was an agreement between appellant and appellee whereby appellant would purchase the heavy kitchen equipment for $3,110.10.

The jury further found appellee delivered the equipment to appellant pursuant to said agreement.

It is for the jury, as finder of facts, to judge credibility of witnesses, to assign weight to be given their testimony and to resolve conflicts and inconsistencies in the the testimony, and to this end, the jury is privileged to believe all or part or none of the testimony of any one witness. *Taylor v. Lewis*, 553 S.W.2d 153 (Tex.Civ.App.—Amarillo 1977, ref. n. r. e.).

The trial court is required to submit only the controlling issues raised by the pleadings and the evidence. Tex.R.Civ.P. 277, 279; *Martin v. Jenkins*, 381 S.W.2d 115 (Tex.Civ.App.—Amarillo 1964, ref. n. r. e. at 384 S.W.2d 123); *Simmons Motor Company v. Mosley*, 379 S.W.2d 711 (Tex.Civ.App.—Austin 1964, ref. n. r. e.).

■ A controlling issue is one that when answered favorably to the theory in which it is presented will form the basis for a judgment for the proponent of the issue. *Simmons Motor Co., supra.*

■ The controlling issue, for appellee was whether there had been an agreement with the appellant. The jury found such agreement between the parties had existed.

We conclude that there is evidence sufficient to support the jury's answers to special issues no. one and two. Those answers are not so contrary to the great weight and preponderance of the evidence as to be manifestly injust.

■ We now consider appellant's asserted error in the jury's answer to special issue No. 3, finding that $1,500.00 is a reasonable fee for the appellee's attorney.

Appellant reasons that there was both no evidence and insufficient evidence to support an award.

The evidence shows that appellee delivered the equipment to appellant and presented demand for payment for more than 30 days prior to the suit.

Since its 1977 amendment, Texas Rev.Civ. Stat.Ann. art. 2226 (Supp.1981) has authorized the recovery of attorney fees in "suit's *founded on* oral or written contracts." (emphasis added.)

We hold that an award of attorney's fees to the appellee was authorized by art. 2226.

Points of error one and two are overruled.

■ We now consider the appellant's third point of error which alternatively contends that the pleading and evidence show the agreement between the parties was unenforceable.

We disagree.

We recognize that a contract for the sale of goods for a price of $500.00 or more is not enforceable as a general rule, in the absence of a writing signed by the person to be charged in the sale. Tex.Bus. & Comm. Code Ann. § 2.201(a).

We conclude, upon the evidence, that the contract between the parties is enforceable under the exceptions found in § 2.201(c)(3), Tex.Bus. & Comm.Code Ann., which provides:

"A contract which does not satisfy the requirements of Subsection (a) but which is valid in other respects is enforceable. . . .

"(3) *with respect to goods* for which payment has been made and accepted or *which have been received and accepted.*" (emphasis added.)

The evidence shows that the equipment was delivered to appellant's building site, and receipt was shown by the signature of appellant's contractor. Appellant has retained the equipment.

Appellee relies upon Tex.Bus. & Comm. Code Ann. § 2.606(a) which provides:

"Acceptance of goods occurs when the buyer

"(1) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming . . . or

"(2) fails to make an effective rejection . . . [after reasonable opportunity to inspect] or

"(3) does any act inconsistent with the seller's ownership. . . . "

Appellant's third point of error is overruled. Judgment of the trial court is affirmed.