Jesus **BELTRAN,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–84–133–CR.

Court of Appeals of Texas, Waco.

Dec. 13, 1984.

Santos R. Beltran, San Antonio, for appellant.

Thomas B. Sehon, Dist. Atty., Marlin, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Beltran from conviction for felony Driving While Intoxicated (on the basis of a prior conviction), for which he was assessed 2 years confinement in the Texas Department of Corrections.

Defendant appeals on 5 Grounds of Error.

■ Ground 1 asserts: "The trial court was without jurisdiction to try the defendant". Under this ground defendant complains the record devoid of any documents or testimony that he had previously been convicted of DWI.

Exhibit 1 was admitted into evidence by agreement of counsel. Such exhibit is in the record and contains certified copies of the complaint, information, sentence granting probation, order revoking probation, and jail sentence of defendant in a DWI case in McLennan County (the prior conviction alleged in the indictment in this case).

Ground 1 is overruled.

Ground 2 asserts: "The trial court erred in overruling defendant's motion for instructed verdict as there was insufficient proof of defendant's guilt". Under this ground defendant asserts the State's principal witness, Trooper Holmes (the arresting officer) was not sworn as a witness.

■ The record does reflect that Trooper Holmes was sworn as a witness. In any event, if he was not sworn, such error was waived by failure of defendant to object to his testimony. *Thomas Trammell & Co. v. Mount*, S.Ct., 4 S.W. 377; *Jefco Inc. v. Lewis*, CCA (Austin) NRE, 520 S.W.2d 915; *Beck v. State*, CA (El Paso) 647 S.W.2d 55.

Ground 2 is overruled.

Ground 3 asserts: "The trial court erred in admitting opinion testimony of the witness, Elmer Weber, as to the operational condition of the breathalyzer test given defendant over defendant's objection".

The witness Weber testified he was a certified technical supervisor of breath testing equipment for the Texas Department of Public Safety; that he has responsibility of checking the breath test instruments in a 13-county area surrounding Waco and including Falls County; that he has a B.S. degree; that he has worked as a chemist; has held his present position 12 years; and that he was last certified as a technical supervisor in 1980.

■ He further testified the breathalyzer instrument defendant was tested by was working correctly on February 18, 1982; and on March 18, 1983, the latter date just 4 days after defendant was arrested.

The testimony was admissible.

Ground 3 is overruled.

Ground 4 asserts: "The defendant was not apprised of his right to refuse to take the breathalyzer test, depriving him of his constitutional right to counsel and to remain silent".

Trooper Holmes, the arresting officer, testified defendant agreed to take the breathalyzer test after having had explained to him the implied consent law and having been read his rights.

■ Taking of a breathalyzer test with the consent of defendant accused of DWI violates none of his rights. *Hager v. State*, Ct.Crim.Appls, 487 S.W.2d 723.

Ground 4 is overruled.

Ground 5 asserts: "Defendant was without effective assistance of counsel".

The standard of "reasonably effective assistance of counsel" is used to test the adequacy of representation afforded an accused by counsel, when performance is to be judged by the Sixth Amendment right to assistance of counsel. *Ex parte Duffy*, Ct.Crim.Appls, 607 S.W.2d 507.

From the record as a whole we conclude defendant was afforded a much higher representation in this case than just "reasonably effective assistance".

Ground 5 is overruled.

AFFIRMED.