Romie Lewis HOGUE, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–86–0018–CR.

Court of Appeals of Texas,
Tyler.

March 16, 1987.

J. Brad McCampbell, Emory, for appellant.

Frank Long, Dist. Atty., Sulphur Springs, for appellee.

SUMMERS, Chief Justice.

Appellant Romie Lewis Hogue was convicted by a jury of felony driving while intoxicated. The jury assessed punishment at five years' confinement and a $2,000 fine. We affirm.

At approximately 6:00 p.m. on May 25, 1985, Hogue was driving his truck east on F.M. 35 in Rains County. After observing Hogue's truck erratically swerving from one side of the road to the other, Deputy Sheriff Frank Pearson stopped Hogue. When Hogue got out of the truck, Pearson noticed that Hogue smelled of alcohol, that Hogue's speech was slurred, and that Hogue staggered when he walked. Pearson arrested Hogue for driving while intoxicated and drove him to the Hopkins County Jail. Upon arriving at the jail, Texas Department of Public Safety (D.P.S.) Trooper Harlon Patterson administered a breath test. The test indicated that Hogue had a blood alcohol level of 0.26 percent.

Hogue brings six points of error. The first three each assert that "the trial court erred in failing to grant a mistrial on the comments of the Assistant District Attorney regarding Appellant's failure to testify." It is basic and fundamental law in this state that the failure of an accused to testify may not be the subject of a comment by the prosecution. Such comment is in violation of the privilege against self-incrimination contained in Tex. Const. art. I, § 10, in violation of the self-incrimination clause of U.S. Const. amend. V, and in express violation of Tex.Crim.Proc.Code Ann. art. 38.08 (Vernon 1979). *Jones v. State*, 693 S.W.2d 406, 407 (Tex.Cr.App. 1985); *Harris v. State*, 684 S.W.2d 687, 688 (Tex.Cr.App.1984); *Short v. State*, 671 S.W.2d 888, 890 (Tex.Cr.App.1984); *Johnson v. State*, 611 S.W.2d 649, 650 (Tex.Cr.App.1981); *Bird v. State*, 527 S.W.2d 891, 893 (Tex.Cr.App.1975). For there to be reversible error because of an allusion or comment on the failure of an accused to testify, the language used must be viewed from the standpoint of the jury, and the implication that the language used had reference to such failure to testify must be a

necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion thereto. *Harris,* 684 S.W.2d at 688; *Lee v. State,* 628 S.W.2d 70, 72 (Tex.Cr.App.1982); *Bird,* 527 S.W.2d at 894; *Koller v. State,* 518 S.W.2d 373, 375 (Tex.Cr.App.1975); *Ramos v. State,* 419 S.W.2d 359, 367 (Tex.Cr.App.1967). The test employed is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. In applying this test, the facts and circumstances of each case must be analyzed to determine whether the language used was of such character. *Jones,* 693 S.W.2d at 408; *Short,* 671 S.W.2d at 890; *Milton v. State,* 620 S.W.2d 115, 116 (Tex.Cr.App.1980); *Bird,* 527 S.W.2d at 894; *Davis v. United States,* 357 F.2d 438, 441 (5th Cir.1966).

Hogue's first point complains of the following statement made by the prosecutor during his closing argument at the punishment phase of the trial:

> Now, it is amazing to me how many people this defendant has admitted his guilt to and told he was sorry for what he did and how he is well now. He must of told everybody that. Well, not quite everybody.

Hogue immediately pointed out that the prosecutor was "looking straight at the jury" and objected to the statement as an improper comment on Hogue's failure to testify. The trial court sustained the objection, instructed the jury to disregard the statement, and overruled Hogue's motion for mistrial.

The State contends the statement was not a comment on Hogue's failure to testify, but rather a summary of Hogue's punishment evidence and a response to Hogue's closing argument. We disagree. At the punishment phase, Hogue's evidence was to the effect that he was sorry about his actions and that he was a changed man. Both of Hogue's sisters, Mary Shaw and Opal Jones, testified that although Hogue

formerly had a problem with drinking and driving, he was a changed man now. Jones further testified that Hogue promised her, for the first time, that he would never drive while intoxicated again. Gary Morgan, a jailer for the Hopkins County Jail, testified that he believed that Hogue had been sufficiently punished and that Hogue had learned his lesson. Gary Walker, the Chief Jailer of the Hopkins County Jail, testified that Hogue had told him that he (Hogue) was sorry for what he had done and that all he wanted to do was to get back to a life of being "a good public citizen." Based on this evidence, Hogue's attorney argued that Hogue was a changed man, who had given up driving while intoxicated.

While we do not believe that the statement was manifestly intended as a comment on Hogue's failure to testify, we do conclude that the jury would naturally and necessarily take this statement to be a comment on Hogue's failure to testify. *Bird,* 527 S.W.2d at 894. *See Johnson v. State,* 611 S.W.2d 649, 650 (Tex.Cr.App. 1981); *Anderson v. State,* 525 S.W.2d 20, 23 (Tex.Cr.App.1975). Though the statement was an improper comment, it was harmless. A comment on the defendant's failure to testify is considered harmless if it is determined beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. *Saylor v. State,* 660 S.W.2d 822, 824–25 (Tex.Cr.App. 1983); *Bird,* 527 S.W.2d at 895. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In applying this test, this court must review the entire record. *Saylor,* 660 S.W.2d at 825. At the time of trial, Hogue was a forty-seven year old man with a nine-year history of driving while intoxicated. Prior to the State's comment, the jury had found Hogue guilty of driving while intoxicated and that he had at least two prior convictions for the same offense. The prosecution had introduced evidence of four of Hogue's prior misdemeanor convictions for driving while intoxicated.[1] The prosecution also introduced evidence of Hogue's conviction on November

---

1. Convictions respectively of October 21, 1983; June 4, 1981; February 24, 1981; and November 11, 1976.

3, 1983, for felony driving while intoxicated, in which the trial court assessed a sentence of five years' confinement and a $2,000.00 fine. The evidence reveals that the trial court initially suspended imposition of that sentence and placed Hogue on probation.[2] Both Shaw and Jones testified that Hogue had a drinking problem and a habit of drinking and driving. Shaw admitted that based on Hogue's previous experiences in jail and repeated offenses, Hogue had not been rehabilitated. In light of this evidence and the trial court's prompt instruction to disregard, we find beyond a reasonable doubt that the improper statement did not contribute to the jury's assessment of the maximum punishment in this case. Hogue's first point of error is overruled.

■ In his second point of error, Hogue complains of the following statement made by the prosecutor during his argument at the punishment phase:

Now, he might have had an excuse for not paying the fifteen dollar a month. He might say he didn't have the money. But, what is the excuse for simply not showing up to report once a month?

Hogue immediately objected to the remark as a comment on Hogue's failure to testify. The trial court sustained the objection, instructed the jury to disregard the comment, and overruled Hogue's motion for mistrial.

The primary issue during the punishment phase was whether Hogue was rehabilitated. The prosecution contended that the best evidence that Hogue was not rehabilitated was his recent probation revocation. After reviewing the statement in context, it is apparent the statement was a rhetorical question used to make this point. Any reference to Hogue's failure to testify was, at most, incidental; the jury would not naturally and necessarily take this statement as such a comment. *Bird*, 527 S.W. 2d at 894. We hold that the trial court did not err in overruling Hogue's motion for mistrial. Hogue's second point of error is overruled.

2. Probation was revoked on October 18, 1984.

Hogue's third point complains of the following statement made by the prosecutor during his argument at the guilt/innocence phase:

Now, ladies and gentlemen, it's painfully plain and simple here that what we have is a guilty verdict for driving while intoxicated. Don't let the defendant stand up here in front of you and muddy up the water. Don't let him point out a period on the plea packet that might be out of place.

Hogue immediately objected to the remark as a comment on Hogue's failure to testify. The trial court sustained the objection, instructed the jury to disregard the statement, and overruled Hogue's motion for mistrial.

The prosecutor made this remark at the end of his opening argument. The tenor of the argument clearly indicates that the prosecutor was referring to Hogue's attorney rather than Hogue himself. Furthermore, the trial judge noted in the record his opinion that the prosecutor was referring to opposing counsel and not Hogue. We conclude the jury would not naturally and necessarily believe that this statement was a comment on Hogue's failure to testify. Hogue's third point of error is overruled.

■ Hogue's fourth point of error asserts that "the trial court erred in failing to grant the Motion to Transfer this case to County Court as the indictment in this case as returned by the Grand Jury charged only a misdemeanor offense as a matter of law." Two prior convictions for driving while intoxicated are essential elements of the offense of felony driving while intoxicated. Tex.Rev.Civ.Stat.Ann. art. 6701*l* –1(e) (Vernon Supp.1987). *See Clopton v. State*, 408 S.W.2d 112 (Tex.Cr.App.1966); *Boiles v. State*, 662 S.W.2d 170, 172 (Tex. App.–Austin 1983, no pet.). Hogue asserts that the indictment is insufficient to charge him with felony driving while intoxicated, rather it charges him with "driving while intoxicated second offense (misdemeanor) with multiple priors plead for contingencies of proof." Although the indictment alleges that Hogue has been convicted six times

for driving while intoxicated, Hogue contends that "the only conviction which speaks of becoming final prior to the offense charged is the driving while intoxicated misdemeanor conviction of October 21, 1983, contained in the second paragraph of the indictment, which alleges in part—'. . . said conviction became final prior to the commission of the aforesaid offense.' " Even though the five other prior convictions for driving while intoxicated use the same language, Hogue argues that "the indictment fails to allege those convictions as becoming final prior to the commission of the offense charged in the first paragraph of the indictment" because "each of those convictions refers only to the conviction in the paragraph immediately preceding it and not" the primary offense.

Even if the indictment is read as Hogue suggests, his argument is without merit. Hogue admits that the first prior conviction set forth in paragraph 2 is alleged to have become final before the primary offense was committed. Under Hogue's reasoning, the indictment also alleges that the second prior conviction, set forth in paragraph 3, became final before the first prior conviction became final. Therefore, the second prior conviction by necessary implication is alleged to have become final before the primary offense was committed. We hold that the indictment alleges an offense of felony driving while intoxicated. Hogue's fourth point is overruled.

Hogue's fifth point of error asserts that "the trial court erred in overruling the objection to the admission of the breath test results for the reason that the State failed to lay a proper predicate." Hogue contends that the State failed to show that the Intoxilyzer test was administered "according to the rules of the Texas Department of Public Safety" as required by Tex.Rev. Civ.Stat.Ann. art. 6701*l*–5(3)(b) (Vernon Supp.1987). Specifically, Hogue asserts that the State failed to show that the warnings required by Tex.Rev.Civ.Stat.Ann. art.

6701*l*–5(2)(b), (2)(c) (Vernon Supp.1987) were given to Hogue prior to administering the breath test.

Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5(3)(b) (Vernon Supp.1987) provides in part:

Analysis of a specimen of the person's breath, to be considered valid under the provisions of this section, must be performed according to rules of the Texas Department of Public Safety and by an individual possessing a valid certificate issued by the Texas Department of Public Safety for this purpose.

The State has laid the proper predicate [3] for the admission of Hogue's intoxilyzer test results. Patterson is a D.P.S. certified intoxilyzer operator, who is supervised by James Hughes, a D.P.S. Regional Technical supervisor of the breath test program. Hughes' testimony that the machine was properly calibrated on May 20, 1985, and June 6, 1985, is evidence that the intoxilyzer was properly calibrated on May 25, 1985, the date of the test. This is reinforced by Patterson's reference test on May 25, 1985, the result of which was within approved tolerance level. Patterson's testimony further indicates that he followed the proper procedure while administering the test as outlined by Hughes' testimony. Finally, Hughes, who is qualified to translate and interpret the intoxilyzer results, testified as to the results of Hogue's intoxilyzer test.

The record reflects that Hogue took the breath test voluntarily.[4] Taking a chemical breath test with the consent of the accused violates none of his rights. *Hager v. State*, 487 S.W.2d 723, 724 (Tex. Cr.App.1972); *Beltran v. State*, 684 S.W.2d 772, 773 (Tex.App.–Waco 1984, no pet.). While evidence must show that warnings provided in article 6701*l*–5(2)(b) and (2)(c) were given the accused prior to introduction of evidence of his refusal to submit to a breath test, we have found no authority construing 6701*l*–5 as requiring proof of these warnings as a predicate to the intro-

---

3. The traditional breathalyzer predicate must of course be modified to an extent reflecting the different nature of the intoxilyzer. *Gandara v. State*, 661 S.W.2d 749, 751 (Tex.App.–El Paso 1983, pet. ref'd).

4. Nothing in the record indicates anything to the contrary.

duction of voluntarily taken breath test results, and we do not so construe the statute. The State laid an adequate predicate for the introduction of the intoxilyzer results. Hogue's fifth point of error is overruled.

Hogue's final point of error complains that "the indictment is fundamentally defective in that the offense as charged was not set forth in plain and intelligible words to give appellant adequate notice of what the State intended to rely upon to prove the allegation." [5] Specifically Hogue complains, in both his motion to quash and in this appeal, that since the indictment fails to allege upon which statutory definition of "intoxicated" the State relies, Hogue was deprived of adequate notice to prepare his defense.

 Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(b) (Vernon Supp.1987) provides in part:

"A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place."

Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(a)(2) defines intoxicated as:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or combination of two or more of those substances into the body; or

(B) having an alcohol concentration of 0.10 or more.

It is well established that an indictment must set forth in plain and intelligible words all the essential elements of the offense sought to be charged. *Reeves v. State,* 144 Tex.Crim. 270, 162 S.W.2d 705 (1942). An indictment drawn in the language of the statute creating and defining the offense, as in this case, is ordinarily sufficient. *Lewis v. State,* 659 S.W.2d 429, 431 (Tex.Cr.App.1983); *Yuncevich v. State,*

626 S.W.2d 784, 785 (Tex.Cr.App.1982); *Few v. State,* 588 S.W.2d 578, 583 (Tex.Cr.App.1979). Definitions of terms and elements are essentially evidentiary and need ordinarily not be alleged in the indictment. *Lewis,* 659 S.W.2d at 431. *See Thomas v. State,* 621 S.W.2d 158, 161–62 (Tex.Cr.App.1981); *Phillips v. State,* 597 S.W.2d 929, 934–35 (Tex.Cr.App.1980). If the definition provides for more than one manner or means to commit the act, however, upon timely request the State must allege the particular manner and means it seeks to establish. *Lewis,* 659 S.W.2d at 431; *Ferguson v. State,* 622 S.W.2d 846, 851 (Tex.Cr.App.1981). *See Gibbons v. State,* 652 S.W.2d 413, 415 (Tex.Cr.App.1983); *Gorman v. State,* 634 S.W.2d 681, 684–85 (Tex.Cr.App.1982). The distinction is based on the principle that a defendant is entitled to notice of acts or omissions he is alleged to have committed. *Gorman,* 634 S.W.2d at 684. Since the definition of "intoxicated" pertains to an act Hogue is alleged to have committed, the indictment provides inadequate notice for Hogue to prepare his defense, and the trial court erred in overruling Hogue's motion to quash. *Adams v. State,* 707 S.W.2d 900, 903 (Tex.Cr.App.1986); *see Russell v. State,* 710 S.W.2d 662, 663–64 (Tex.App.–Austin 1986, pet. ref'd).[6]

 Though the trial court erred in overruling Hogue's motion to quash, the error was harmless. The error is one of form. Tex.Crim.Proc.Code Ann. art. 21.19 (Vernon 1966) provides:

An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant.

In applying this statute, we must determine by a review of the record in the case, if the alleged defect in the indictment had an impact on Hogue's ability to prepare his

---

**5.** The indictment reads in pertinent part:
[T]hat ROMIE LEWIS HOGUE, on or about the 25th day of May, 1985, and before the presentment of this indictment, in said County and State, did then and there drive and operate a motor vehicle in a public place, to-wit: a public road and highway, while the said defendant was

then and there intoxicated and under the influence of intoxicating liquor; ....

**6.** *Contra Gaudin v. State,* 703 S.W.2d 789, 790–91 (Tex.App.–Waco 1985, pet. ref'd); *Brown v. State,* 717 S.W.2d 763 (Tex.App.–San Antonio, no pet.).

defense, and, if so, how great an impact. *Adams v. State*, 707 S.W.2d 900, 903 (Tex. Cr.App.1986); *Craven v. State*, 613 S.W.2d 488, 490 (Tex.Cr.App.1981). We hold that the alleged defect did not impair Hogue's ability to prepare his case. Hogue voluntarily took the intoxilyzer test and should have known that the State could rely upon the test results to prove intoxication. Moreover, Hogue's attorney stated at the pretrial hearing that he had been shown the intoxilyzer test result. Hogue also should have known that Deputy Pearson and Trooper Patterson had observed him that evening and could testify that he was intoxicated. At trial, the State relied upon both definitions of "intoxicated" to prove its case against Hogue. The trial court charged the jury on both definitions of "intoxicated." Having reviewed the entire record, we conclude that the failure of the indictment to specify which definition of "intoxicated" the State intended to prove did not prejudice any substantial right of Hogue. Hogue's sixth point of error is overruled.

The judgment of the trial court is affirmed.