**Allan William TAYLOR**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY.**

**No. 2–87–046–CV.**

Court of Appeals of Texas, Fort Worth.

July 8, 1988.

Rehearing Denied Aug. 17, 1988.

Abe Factor, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Dana M. Womack, Asst. Dist. Atty., Fort Worth, for appellee.

Before BURDOCK, HILL and LATTIMORE, JJ.

## OPINION ON REHEARING

LATTIMORE, Justice.

Appellee, Texas Department of Public Safety, has filed a motion for rehearing in this case. Having considered the motion and the response thereto, it is the opinion of this court that the motion for rehearing be denied. However, our former opinion is withdrawn. The following is now the opinion of the court.

This is an appeal by the licensee, Allan William Taylor, contesting the suspension of his driver's license pursuant to TEX. REV.CIV.STAT.ANN. art. 6701*l*–5, sec. 2 (Vernon Supp.1988). The trial court made an affirmative finding that appellant refused a chemical breath test after being arrested, upon probable cause, for the offense of driving while intoxicated.

We reverse and remand for a new trial.

Appellant's sole point of error contends the trial court erred in not submitting a special issue to the jury as to whether appellant was warned both orally and in writing as to the consequences of refusing the breath test.

Officer Glenn Edward Thompson testified that he was the intoxilyzer operator at the Lew Sterrett Criminal Justice Center on November 11, 1985, the night appellant was arrested. Thompson stated that Defendant's Exhibit No. 1 was a DIC Form 23 which he filled out on the night in question. The form is entitled "Police Officer DWI Statutory Warning." The entire document is in Spanish and English. The signatures of Officer Thompson and appellant appear on one exhibit of the document, but not the impressed carbon. Officer Thompson testified that the appellant refused to take either a breath or blood test, and signed his refusal on the DIC form. The officer stated that he read the warnings to appellant prior to offering him a breath test. The document states, in part, as follows:

If you refuse to give the specimen, that refusal may be admissible in a subsequent prosecution. Your drivers license, permit, or privilege to operate a motor vehicle will be automatically suspended for 90 days after notice and a hearing, if requested, whether or not you are subsequently prosecuted as a result of this arrest. If you do not possess a license or permit to operate a motor vehicle, you may not be issued a license or permit to operate a motor vehicle for a period of ninety (90) days after notice and a hearing, if requested. Further you have the right within twenty (20) days after receiving written notice of a suspension or a denial of a license or permit to request in writing a hearing on the suspension or denial.

I certify that I have orally informed you of the consequences of a refusal and have provided you with a complete and true copy of this statutory warning. I now request that you submit to the tak-

ing of a specimen of your **Breath/Blood** (strike one) for the purpose of analysis to determine the alcohol concentration or the presense [sic] of a controlled substance or drug in your body.

Officer Thompson stated that there were no alterations within the document, and that Defendant's Exhibit No. 1 is a true and correct copy of the original. The original document is on file with the police department, and is not available to Officer Thompson.

Appellant referred the trial court to Plaintiff's Exhibit No. 1, in comparison to Defendant's Exhibit No. 1. Appellant alleges that Defendant's Exhibit No. 1 provided by the State is a photocopy of page 1 of the original document. Appellant's signature appears on Defendant's Exhibit No. 1 of the document. Plaintiff's Exhibit No. 1 is the yellow carbon impression of the original document, which was in appellant's possession. The portion of the document where the officer denotes refusal of the test is filled out on the photocopy, but not the yellow carbon copy. Appellant's signature is on the photocopy but does not appear on the yellow portion of the document.

Appellant testified that the officer did not read him the warnings contained in the document. He did not remember signing a refusal to take the test, but admitted that it was his signature on Defendant's Exhibit No. 1.

Article 6701*l*–5, section 2(f) provides that, upon proper written demand for a hearing by the licensee, a hearing shall be set. A person's license shall be suspended for 90 days if the court finds: 1) that probable cause existed that such person was driving or in actual physical control of a motor vehicle on the highway or upon a public beach while intoxicated, 2) that the person was placed under arrest by the officer and was offered an opportunity to give a specimen under the provisions of this Act, and 3) that such person refused to give a specimen upon request of the officer, then the Director of the Texas Department of Public Safety shall suspend the person's license or permit to drive, or any nonresident operating privilege for a period

of 90 days, as ordered by the court. If the person is a resident without a license or permit to operate a motor vehicle in this State, the Texas Department of Public Safety shall deny to the person the issuance of a license or permit for 90 days. TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, sec. 2(f) (Vernon Supp.1988). The portion of this provision which pertains to the case before us is the opportunity to give a specimen "under the provisions of this Act...." *Id.* Section 2(b) of this article states in part the following:

> (b) Before requesting a person to give a specimen, the officer shall inform the person orally and in writing that if the person refuses to give the specimen, that refusal may be admissible in a subsequent prosecution, and that the person's license, permit, or privilege to operate a motor vehicle will be automatically suspended for 90 days after the date of adjournment of the hearing provided for in Subsection (f) of this section, whether or not the person is subsequently prosecuted as a result of the arrest. If the officer determines that the person is a resident without a license or permit to operate a motor vehicle in this state, the officer shall inform the person that the Texas Department of Public Safety shall deny to the person the issuance of a license or permit for a period of 90 days after the date of adjournment of the hearing provided for in Subsection (f) of this section, whether or not the person is subsequently prosecuted as a result of the arrest.

TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, sec. 2(b) (Vernon Supp.1988).

■ Article 6701*l*–5, section 2 was enacted to provide constitutional safeguards in suspension of a driver's license; the underlying purpose is to ensure that a person who refuses to give a requested specimen does so with a full understanding of the consequences. *See Nebes v. State,* 743 S.W.2d 729, 730 (Tex.App.—Houston [1st Dist.] 1987, no pet.). If there is a dispute as to whether the statutory warnings were given, an issue should be given. *See*

*Brown v. Goldstein,* 685 S.W.2d 640, 641 (Tex.1985).

■ Appellant submitted to the court a special issue to be included within the charge, requesting the jury find, by a preponderance of the evidence, that appellant was/was not admonished orally and in writing as to the consequences of refusing a breath test. The trial court refused the requested issue. The failure to submit an issue cannot be a ground for reversal unless the party relying on the issue has requested it in "substantially correct wording." TEX.R.CIV.P. 278. In *Placencio v. Allied Indus. Intern. Inc.,* 724 S.W.2d 20 (Tex.1987), the Texas Supreme Court stated:

> Substantially correct ... does not mean that it must be absolutely correct, nor does it mean one that is merely sufficient to call the matter to the attention of the court will suffice. It means one that in substance and in the main is correct, *and that is not affirmatively incorrect.*

*Id.* at 21, *citing Modica v. Howard,* 161 S.W.2d 1093, 1094 (Tex.Civ.App.—Beaumont 1942, no writ).

Appellee has never contended that appellant's tendered issue was substantially incorrect, but that the issue should not be submitted because it is an inferrential rebuttal issue. Appellant submitted his proposed special issue which contained the proper question pertaining to the statutory requirement of oral and written warnings, and included the proper burden of proof. *Compare Greenstein, et al v. Burgess Marketing,* 744 S.W.2d 170, 182 (Tex.App. —Waco 1987, writ denied); *see also* TEX.R. CIV.P. 277. Therefore, the issue tendered is substantially correct.

■ Appellee in his motion for rehearing refers this court to a number of cases in support of his contention that a special issue on statutory warnings is an evidentiary issue and not required by present case law. Most of these cases did not address the specific issue at bar. Appellant cites *Landgraff v. State,* 740 S.W.2d 577 (Tex. App.—Houston [1st Dist.] 1987, no writ), and *Hogue v. State,* 752 S.W.2d 585 (Tex. App.—Tyler 1987), for the proposition that

proof of written warnings are not required for the admission of the results of a breath test voluntarily taken. While we do not contest the validity of the findings by these courts, these holdings are not applicable to the case at bar for a number of reasons. First, these cases concern criminal actions as opposed to a civil action as the case before us. Second, these cases discuss the admissibility of evidence of an intoxilizer test as opposed to when a party is entitled to have an issue submitted to the jury. Third, the above-referenced cases rely on *Thomas v. State,* 723 S.W.2d 696 (Tex. Crim.App.1986), which relies on TEX. CODE CRIM.PROC. art. 38.23 pertaining to illegally obtained evidence, as opposed to the applicable rules of civil procedure concerning submission of issues to the jury. *See* TEX.R.CIV.P. 273, 277–79. Moreover, at the time of the arrest and trial in *Thomas,* Texas law was silent as to whether a police officer was required to inform a suspect of the consequences of his refusal to take a breath test, *id.* at 698, n. 4, and as to whether the State could introduce evidence of a defendant's refusal to provide a breath sample. *Id.* at 700, n. 7. Appellant also did not raise any claim of due process violations. *Id.* at 705, n. 19. Fourth, in the cases cited the appellant *voluntarily* took the breath test, thereby alleviating any harm from failure to receive statutory warnings. *Landgraff,* 740 S.W.2d at 579; *Hogue,* 752 S.W.2d at 589; *see Hager v. State,* 487 S.W.2d 723, 724 (Tex.Crim.App. 1972); *see also, Nebes v. State,* 743 S.W.2d 729, 730 (Tex.App.—Houston [1st Dist.] 1987, no pet.). Finally, the *Hogue* case itself states the following:

> *While evidence must show that warnings provided in article 6701l–5(2)(b) and (2)(c) were given the accused prior to introduction of evidence of his refusal to submit to a breath test, we have found no authority construing 6701l–5 as requiring proof of these warnings as a predicate to the introduction of voluntarily taken breath test results, and we do not so construe the statute.*

*Hogue,* at 589 (emphasis added). We find this allegation without merit.

Appellee further argues that the requested issue is an inferential rebuttal issue and should not be submitted to the jury because it would not support a judgment for appellant. *See* TEX.R.CIV.P. 277.

All parties are entitled to have controlling issues that are raised by the written pleadings and evidence submitted to the jury. *Brown,* 685 S.W.2d at 641; TEX.R. CIV.P. 277 and 279. A "controlling issue" is one which, if answered favorable to the theory in which it is presented, will support a basis for judgment for the proponent of the issue. *Gomez v. Franco,* 677 S.W.2d 231, 234 (Tex.App.—Corpus Christi 1984, no writ); *Stone v. Metro Restaurant Supply, Inc.,* 629 S.W.2d 254, 256 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). Inferrential rebuttal issues have been variously referred to as denial issues or argumentative denials rather than direct negatives. *Select Insurance Co. v. Boucher,* 561 S.W. 2d 474, 477 (Tex.1978) (partial incapacity as opposed to total incapacity).

If, after a hearing on a drivers license suspension, the court finds in the negative one of the required findings under section 2(f), the accused's license is to be reinstated. TEX.REV.CIV.STAT. art. 6701*l*-5, sec. 2(g). Therefore, since one of the required findings is that a person was offered an opportunity to give a specimen *under the provisions of this act,* which under section 2(b) requires oral and written warnings of the consequences of refusal to take a breath test, if appellant did not receive these statutorily mandated warnings his license would be reinstated. *Id.* Therefore, the issue requested by appellant is a controlling issue. *See Stone,* 629 S.W. 2d at 256. Appellant's sole point of error is sustained.

The judgment of the trial court is reversed and remanded for a new trial not inconsistent with the findings of this court.